**RHODES–HOCHRIEM MFG. CO. v. INTERNATIONAL TICKET SCALE CORPORATION.**

**No. 853.**

District Court, D. Delaware.

April 6, 1932.

Ward & Gray, of Wilmington, Del., and W. Brown Morton (of Pennie, Davis, Marvin & Edmonds), of New York City, for plaintiff.

William G. Mahaffy, of Wilmington, Del., and Ellis W. Leavenworth (of Watson, Bristol, Johnson & Leavenworth), of New York City, for defendant.

NIELDS, District Judge.

In this patent suit, defendant filed an amended counterclaim alleging infringement by the plaintiff of United States letters patent No. 1,610,893, issued December 14, 1926, to Vincent F. Slezak. Paragraph 20 of the amended counterclaim reads: "20. Thereafter said United States Letters Patent No. 1,610,893, and the inventions and improvements therein described and claimed, and all rights of action for infringement thereof, were transferred and assigned by mesne assignments to this defendant."

Thereupon the plaintiff filed its motion for a bill of particulars asking the defendant to produce copies of the "assignments" by which defendant claimed the title to the patent. Copies of these documents were duly furnished. Plaintiff moved to dismiss the amended counterclaim. As the bill of particulars was an amplification of paragraph 20, they must be construed together. Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271.

Two of plaintiff's three grounds for dismissing the counterclaim may be briefly answered. First, under Equity Rule 30 (28 USCA § 723), the counterclaim need not arise out of the transaction which is the subject-matter of the suit. American Mills Co. v. Amer. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Wire Wheel Corporation v. Budd Wheel Co., 288 F. 308 (C. C. A. 4). Second, to maintain the counterclaim defendant need not allege and prove that plaintiff is an inhabitant of this district or has a place of business and has committed an act of infringement here. Leman v. Krentler-Arnold Hinge Last Co., 52 S. Ct. 238, 76 L. Ed. —; Buffalo Specialty Co. v. Vancleef (D. C.) 217 F. 91; United States E. Bolt Co. v. H. G. Kroncke Hardware Co., 234 F. 868 (C. C. A. 7); Victor Talk. Mach. Co. v. Brunswick-Balke-Collender Co. (D. C.) 279 F. 758.

Plaintiff's third ground is that defendant is not the owner of the legal title to the patent alleged in the counterclaim to be infringed, but such legal title is in another not a party to the suit. This ground for dismissal is sound. Defendant produced with its bill of particulars several documents as constituting an assignment to it of the patent in the counterclaim. An assignment of a patent may be made only by an instrument in writing. Rev. St. § 4898, 35 USCA § 47. To constitute an assignment, the instrument must be substantially a transfer with the clear intent at the time to part with the legal interest in the patent. An instrument which does not purport to convey a present interest in a patent is not an assignment within the statute. Minerals Separation, Ltd. v. Miami Copper Co. (D. C.) 275 F. 572.

While a sole and exclusive license to use, manufacture, and vend a patented structure may be held the equivalent of an assignment of the patent where the document granting the license is consistent with a present transfer of the patent, yet, where the document granting the license expressly negatives a present transfer of the patent, the license cannot be held the equivalent of an assignment of the patent. The particular document relied on by defendant is a three-party agreement dated June 16, 1928, between Archie M. Andrews, called the purchaser, and the American Ticket Scale Company and Vincent F. Slezak, the sellers. It is conceded defendant has acquired whatever title Andrews obtained under the above agreement. By this agreement the sellers promised to assign to the purchaser title to the patents described, including the patent in the counterclaim, upon receipt of the payments therein provided under the options therein set forth, and thereupon, on demand, to deliver a proper assign-

ment of the patents to the purchaser. This document fails to meet the requirements of an assignment of title to a patent within the rule above prescribed. It is no more than an agreement to sell, expressing conditions upon which title shall vest in the purchaser. Acquisition of title is contingent upon the exercise of certain options by the purchaser. Pending the exercise of such options, title to the patent remains in the sellers. This is borne out by the provision that when the purchaser shall exercise the options an assignment of the patent will be delivered to him.

The owner of the legal title to the patent in the counterclaim not being a party to the suit, the motion to dismiss must be granted.