STANLEY CO. OF AMERICA, Inc., v. AMER-
ICAN TELEPHONE & TELEGRAPH
CO. et al.

DUOVAC RADIO CORPORATION v. SAME.

GENERAL TALKING PICTURES CORPO-
RATION v. SAME.

Nos. 985, 996, 997.

District Court, D. Delaware.

Dec. 4, 1933.

See, also, 4 F. Supp. 80.

Hugh M. Morris, of Wilmington, Del., and Samuel E. Darby, Jr., and George E. Quigley, both of New York City, for plaintiff Stanley Co. of America.

Hugh M. Morris, of Wilmington, Del., and Samuel E. Darby, Jr., and Ephraim Berliner, both of New York City, for plaintiff General Talking Pictures Corporation.

Hugh M. Morris, of Wilmington, Del., and Samuel E. Darby, Jr., of New York City, for plaintiff Duovac Radio Corp.

George F. Hurd (of Greene & Hurd), C. M. Bracelen, and John H. Ray, all of New York City, and Marvel, Morford, Ward & Logan, of Wilmington, Del., for defendants.

NIELDS, District Judge.

Motions were filed by defendants (1) for a bill of particulars under Equity Rule 20 (28 USCA § 723), and (2) for discovery under Equity Rule 58 (28 USCA § 723) in three suits against American Telephone & Telegraph Company, Western Electric Company, Inc., and Electrical Research Products, Inc. (referred to as "Telephone," "Western," and "Products," respectively), under section 16 of the Clayton Act (15 USCA § 26) to restrain alleged violations of section 3 of that act (15 USCA § 14) and of sections 1 and 2

of the Sherman Anti-Trust Act (15 USCA §§ 1, 2).

The bill of complaint spans the entire existence of the talking motion picture industry. The allegations cover generally a period of fourteen and more particularly a period of seven years. In 1919 patents relating to this art and to allied arts were pooled by two powerful groups called the Telephone group and the General Electric group. The field covering the production and reproduction of talking motion pictures and the field covering the manufacture, sale, and leasing of equipment and apparatus therefor was allocated to Western and Products. The bill recites significant steps in the development of the art by Western and Products. Today Products is licensor of the recording equipment in almost all of the moving picture studios. It is licensor of reproducing equipment in approximately 5,500 theaters. The personnel of Products is extensive and widely scattered.

Plaintiffs charge that the defendants have monopolized two businesses: (1) The business of producing and reproducing talking motion pictures; and (2) the business of manufacturing and leasing apparatus and equipment for the first named business. Further, that defendants conspired to restrain such trade by the terms and covenants of certain agreements made by Western and later by Products with producers and exhibitors of talking motion pictures; that the effect of these terms and covenants was to establish monopoly; that defendants, pursuant to agreements with producers and exhibitors, resorted to unfair business practices; and that these agreements and practices on the part of defendants entailed great damages to plaintiffs. Accordingly, defendants seek particulars and discovery concerning the allegations of monopoly and unfair practices. Defendants seek to test plaintiffs' charges by learning whether the characteristic results of monopoly and unfair practices followed.

The old system of pleading concealed as much as possible what was going to be proved at the trial. It is difficult to estimate the extent to which secrecy before trial serves the cause of justice. In some measure it may prevent perjury. This advantage, however, is far outweighed by the onesided and perverted view it imposes. To prevent surprise at trial and to confine the contest to the real issues, the Supreme Court promulgated Equity Rules 20 and 58 (28 USCA § 723).

Equity Rule 25 (28 USCA § 723) requires that a bill in equity shall contain "a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence." Under Equity Rule 20 (28 USCA § 723) defendant may move for an order requiring plaintiff to set out "further and better particulars of any matter stated in any pleading." In view of the particular case disclosed in the bill of complaint, or the particular issues framed after answer filed, the court, in the exercise of its discretion, may require plaintiff to furnish a bill of particulars. Such a bill of particulars may well be a further and better statement of the ultimate facts or certain of the ultimate facts alleged in the bill of complaint. "To avoid unfair surprise, the claimant's pleadings may be required to state with greater particularity the facts upon which his claim is based." 3 Wigmore on Evidence, § 1848. The ultimate facts are the facts upon which plaintiff's claim is based and upon which he asks relief. Those ultimate facts stated with further and better particularity appear to be the "intermediate facts" in the oft-quoted passage of Judge Morris that "it becomes obvious that 'evidence' and hence 'ultimate facts' are always relative terms * * * and that, in the chain of causation leading from remote evidential circumstance to the ultimate fact lying next below the conclusion of law, there may be, and usually are, intermediate facts which, to the end that the adversary may be better apprised of the case he has to meet, a court may, in its discretion properly exercised under the facts, and rule 20, order set out in whole or in part in a bill of particulars." Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271, 273. 3 Cyc. Fed. Proc., § 844.

Equity Rule 58 of 28 USCA § 723 authorizes the filing of interrogatories "for the discovery by the opposite party or parties of facts * * * material to the support or defense of the cause." Discovery under this rule hinges largely upon the character of the cause and upon the issues framed by the pleading. There should be no hard and fast interpretation of this rule for all cases. Upon objections filed, the court may exclude answers to interrogatories amounting in a particular case to "fishing" or interrogatories seeking in a particular case the disclosure of the identity of an adversary's witnesses. If the bill of complaint contains evidentiary matter, as distinguished from ultimate facts, further and better particulars respecting such matter will not be ordered, yet discovery respecting it under rule 58 (28 USCA § 723) may be appropriate. Moreover discovery by the opposite party respect-

ing all material facts may well serve the ends of justice. 3 Wigmore on Evidence, § 1856b.

Rules 25 and 20 (28 USCA § 723) deal with ultimate facts. Rule 58 (28 USCA § 723) does not. Rule 25 restricts the pleader to ultimate facts. Rule 20 authorizes an order requiring the pleader to particularize ultimate facts. Rule 58 provides for discovery of evidentiary matter material to the issue. The first two rules deal with pleading, the third with proof.

Under the above interpretation of the rules it may well be that the motion for certain particulars should have been granted. The general denial of the motion is not, therefore, to be taken as a precedent. In view of the statement of counsel for defendants that it is immaterial whether the information sought is obtained by way of particulars or interrogatories the order denying the motion for particulars will stand.

It is unnecessary to deal with the interrogatories seriatim. All interrogatories filed in each of the three cases, as modified by defendants at the hearing with the exception of interrogatories respecting damages, should be answered. Objections to the latter interrogatories should be sustained.