## MIDWEST MFG. CO., Inc., v. STAYNEW FILTER CORPORATION.

### No. 771.

District Court, W. D. New York.
June 12, 1934.

Edward H. Cumpston, of Rochester, N. Y. (Charles Shepard, of Rochester, N. Y., of counsel), for plaintiff.

John Van Voorhis' Sons, of Rochester, N. Y., for defendant.

KNIGHT, District Judge.

This is a patent suit. Plaintiff moves for leave to file a voluntary bill of particulars. The motion is made under federal equity rule 20 (28 USCA § 723). It is the claim of the plaintiff that the purpose of this motion is merely to narrow the issues. It asserts that the issues are not changed and that proof of the matters proposed to be included in the bill of particulars could be made under the existing complaint. Defendant claims that proposed bill of particulars interposes new charges in the complaint, and that plaintiff's remedy, if any, is by amendment rather than by motion under federal equity rule 20.

The purpose of federal equity rule 20 is clear. It is to permit the simplification of the pleading, to narrow the issues, and to aid the court in its consideration of the suit.

The suit is brought to restrain the infringement of the United States letters patent No. 1,521,575 granted December 30, 1924, for invention of Hans Wittemeier.

The complaint, in effect, alleges that Wittemeier was the inventor of a certain patent issued in Germany on July 29, 1915; that on January 5, 1921, he applied for a United States patent, and his application was validated as duly filed with effective priority date of July 29, 1915, under the provisions of the so-called Nolan Act (35 USCA §§ 80–87); and that letters patent in the United States of America were issued on December 30, 1924. The German application, set forth in the proposed bill of particulars as the one on which the plaintiff will rely, is described as an "addition to German Patent No. 306,253," and the filing date of the application is given as February 15, 1919. This patent No. 306,253 is included in the patents enumerated in the complaint as one of those patented in a foreign country prior to filing of the application for letters patent in this country.

The patent in issue contains eight claims. In the complaint all are alleged to have been infringed. The plaintiff now seeks to limit this suit to claims 7 and 8 alone. No sufficient reason appears why this should not be permitted. It meets the purpose of federal equity rule 20, and no harm results to the defendant.

The voluntary bill of particulars sets up a priority date claimed to be applicable to claims 7 and 8, and it also gives identifying particulars of the priority application. Plaintiff claims that, since it was not required in its bill of complaint to set forth the facts as to priority or give any information regarding the application on which priority is based, the bill of particulars does not interpose any essential change in the complaint. It was not necessary for the plaintiff to set up the priority date. A. B. Dick Company v. Underwood Typewriter Company (D. C.) 235 F. 300. If it did not, it doubtless could have been required by interrogatories to state them. It may be assumed that dates of priority are ordinarily set up in a pleading in anticipation of interrogatories. In this case an issue over the priority date has been raised by the answer. The plaintiff does seek to change a basis for its cause of action as it is set out in the complaint. It would seem to the court that its purpose is to shift or change its complaint in respect to the foreign patent relied upon and the priority date. Upon the facts shown as they appear here, it seems to me that plaintiff's remedy is by amendment rather than through the medium of this motion. Such a procedure presents no serious difficulty to the plaintiff, and the issues may be thereby narrowed and simplified, with all the results which could obtain under rule 20. The defendant would then be in no position to oppose the amendment, except upon terms. However, if plaintiff's contention holds good, no amendment is necessary and no bill of particulars obligatory. Hence it is not deprived of any rights. Motion as to paragraphs 2 and 3 of the voluntary bill of particulars is denied.