### JESSUP & MOORE PAPER CO. v. WEST VIRGINIA PULP & PAPER CO. et al.

### No. 3.

District Court, D. Delaware.

Dec. 1, 1938.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del., and Frank S. Busser (of Busser & Harding), of Philadelphia, Pa., for plaintiff.

Hugh M. Morris and Arthur G. Connolly, both of Wilmington, Del., for defendants.

NIELDS, District Judge.

Hearing on amended motion by defendants for bill of particulars under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The following are typical of the particulars requested:

"1. With respect to the allegations of numbered paragraph 5 of the bill of complaint, that plaintiff shall:

"(a) In the case of each claim of letters patent No. 1,830,131, specify precisely what plaintiff deems to be new and patentable in such claim;

"(b) In the case of each claim of letters patent No. 1,830,131, containing the term 'caustic alkali solution of mercerizing activity' or its equivalent, specify the minimum and maximum strength of the caustic alkali in terms of the percentage concentration conforming to such term;  *  *  *

"2. With respect to the allegations of numbered paragraph 6 of the bill of complaint, that plaintiff shall specify the acts of defendant Krafelt Corporation of America, which it contends constitute 'authorizing, inducing, aiding, abetting, and instigating infringement by the defendant West Virginia Pulp & Paper Company'".

At the hearing of the motion counsel for defendant stated that the purport and effect of Old Equity Rules 20 and 25, 28 U.S.C.A. following section 723, was substantially the same as the purport and effect of New Rule 12(e).

Equity Rule 20, 28 U.S.C.A. following section 723, provides: "A further and better statement of the nature of the claim or defense, or further and better particulars of any matter stated in any pleading, may in any case be ordered, upon such terms, as to costs and otherwise, as may be just."

Equity Rule 25, 28 U.S.C.A. following section 723, respecting a bill of complaint, prescribes: "Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence".

Since their promulgation the old rules have been construed and interpreted to authorize the amplification of the ultimate facts in the pleading. One way of obtaining proof before trial is through interrogatories but never through a bill of particulars. Universal Oil Products Co. v. Skelly Oil Co., D.C., 12 F.2d 271. Rhodes-Hochriem Mfg. Co. v. International Ticket Scale Corp., D.C., 57 F.2d 713. Stanley Co. v. American Telephone & Telegraph Co., D.C., 5 F.Supp. 380. "A bill of particulars becomes a part of the pleading which it supplements". New Rule 12(e).

Counsel for defendant argues that the interpretation of the old Equity Rules no longer prevails because the last sentence of Rule 1 of the New Rules, 28 U.S.C.A. following section 723c, provides respecting those Rules: "They shall be construed to secure ·the just, speedy, and inexpensive determination of every action." This same rule of construction was applied to the old Equity Rules but no well advised person

contended that it authorized the admission of proof to amplify pleading.

The magic which defendants' counsel imports into the final sentence of Rule 1 is not suggested in the oral discussion contributed by former Attorney General Mitchell and Dean Clark of the Yale Law School last summer at Cleveland and printed as a commentary on the New Rules. They have repeated their discussion elsewhere. These gentlemen, and others, spent upwards of three years in drafting the rules. The rule of construction contained in Rule 1 expresses the general objective of all such rules. To construe Rule 12(e) so as to destroy the fundamental distinction between pleading and proof has never been suggested or intimated by any commentator. No such drastic result could have been contemplated by the Supreme Court.

Applying the above observations to the particulars requested in defendants' motion it is apparent that the motion should be denied because the particulars require either a judicial construction of claims of a patent or the production of proof which can not be part of or supplement the pleading.

An order may be submitted.