438

### SELRITE, Inc., v. TROPICAL CHAIR CO., Inc.

District Court, S. D. New York.

Sept. 3, 1940.

Page S. Haselton, of New York City (Ward, Crosby & Neal, of New York City, of counsel), for plaintiff.

Donald M. Newman, of New York City, (J. B. Felshin, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by defendant for a bill of particulars, pursuant to Rule 12 of the Federal Rules Civil Procedure, 28 U.S. C.A. following section 723c. Plaintiff has agreed to furnish the information demanded excepting items 3 to 6, inclusive. These items attempt to obtain information with respect to precisely what plaintiff asserts to be new and patentable in each of the claims of the reissue letters patent, the claims upon which plaintiff relies having been furnished in items to which no exception was taken.

The objection made is that defendant is seeking a legal opinion construing the claims, which is the function of the court. In other districts similar particulars have been denied for this reason. See Jessup & Moore Paper Co. v. West Virginia Pulp & P. Co., D.C.Del., 25 F.Supp. 598; Lykken v. International Pulvering Corp.,[1] D.C.N.J.; Midwest Mfg. Co. v. Staynew Filter Corp., D.C.W.D.N.Y., 7 F.Supp. 360. In this district, Judge Hulbert sustained an objection to an interrogatory seeking the same type of information. See E. I. Du Pont De Nemours & Co. v. Byrnes, 1 F.R.D. 34. Alexander Holtzoff in "New Federal Procedure and the Courts", page 40, approves the view expressed in Jessup & Moore Paper Co. v. West Virginia Pulp & P. Co.

In this district, however, both before and after the new rules, it seems to have been the practice to require a party to specify what he asserts to be new and patentable in each of the relevant claims of a patent in suit. Such particulars have been granted in unreported cases by Judge Patterson (U. S. Stitching Corp. v. Modern Pleating Co.,[1] August 29th, 1938, Equity No. 87–274), by Judge Goddard (Gillman et al. v. Bialor et al., Civil[1] 1–263, December 1938), by Judge Clancy (Lewis Invisible Stitch Machine Company v. Columbia Blind Stitch Co.,[1] September 1937), and by Judge Conger (Breth v. Cutting Room Appliances Corp.,[1] August 1939). See, also, Wilson v. Union Tool Co., D. C.S.D.Cal., 275 F. 624.

The practice exemplified by the unreported decisions appears to me to be sensible. Patent litigation is sui generis (Holtzoff, New Federal Rules and the Courts, supra) and during its course it is essential that before trial there be a clear definition of issues. If this be not done, the technical nature of the issues too often present complexities which tend to obscure and make difficult the proper disposition of the case. Certainly a construction of what part of a claim is new, to an extent involves a legal construction, but so also does a statement of what acts a plaintiff claims to have been negligent. Yet particulars of this last type are granted as a matter of course and serve a useful function in pleading. The reissue patents in this suit contain some broad claims and a mere statement of reliance upon some of them might conceivably still leave the issues of the cases broader than is desirable. The information sought in items 3 to 6, inclusive, however, will serve to narrow the issues and should be furnished to defendant.

---

[1] No opinion for publication.