**DILL MFG. CO. v. ACME AIR APPLIANCE CO., Inc.**

No. 2283.

District Court, E. D. New York.

Nov. 27, 1941.

Louis L. Ansart, of New York City (A. J. Hudson, of New York City, of counsel), for plaintiff.

Phillips, Mahoney & Fielding, of New York City (H. C. Robb, J. F: Robb, and Harry C. Robb, Jr., all of Cleveland, Ohio, of counsel), for defendant.

MOSCOWITZ, District Judge.

The defendant bases its motion under the provisions of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and requests a more definite statement of the complaint and for a bill of particulars in this action which is for a patent infringement. The particulars with respect to which plaintiff is requested to make the complaint more definite are, as follows:

"1. Specify which of the three (3) claims of United States Letters Patent, No. 2,048,843, are charged to have been infringed by defendant, and which claim or claims will be relied upon by plaintiff at the trial of the above named cause;

"2. Specify the time by month and year during which it is alleged in Paragraphs IV and V of the complaint that the defendant has infringed plaintiff's patent, and particularly specify whether any infringing acts alleged in the complaint occurred subsequent to August 20, 1937 and March 31, 1941, respectively;

"3. Specify by type number, model number drawing, cut, or in any other clearly identifiable way the particular valve insides or cores of defendant's manufacture, which it is alleged in Paragraphs IV and V of the complaint, embodied the alleged invention of plaintiff's patent;

"4. State precisely what plaintiff asserts or claims is new and patentable in each of the claims of the patent in suit charged to be infringed by defendant, and what plaintiff asserts each of such claims covers;

"5. State precisely where, in defendant's alleged infringing device or devices, plaintiff asserts there is found the features set forth as new and patentable in response to Paragraph 4 hereof, and in that connection that plaintiff:

"(a) Point out by reference characters applied to an accurate scale drawing or cut of defendant's alleged infringing device or devices the elements of each of the claims of the patent in suit alleged to be infringed;

"(b) Point out by reference characters applied to an accurate scale drawing or cut of defendant's alleged infringing device or devices the features set forth as new and patentable in response to Paragraph 4 hereof."

The plaintiff makes no objection to item 1. A stipulation has been entered into by the solicitors for the plaintiff and the defendant, as follows:

"It Is Hereby Stipulated by and between the solicitors for the plaintiff and defendant, as follows:

"1. Requests 2 and 3 of the defendant's motion to render the complaint more definite and for a bill of particulars shall be

answered by plaintiff to the extent of information available to plaintiff without limitation to the specific instances of infringement included in the answer to said requests.

"2. That following the plaintiff's answer to requests 2 and 3 of defendant's motion, defendant shall file an answer to the complaint.

"3. That after answer by defendant to the complaint, plaintiff may have discovery under direction of a Special Master as to matters of discovery to which it is properly entitled."

The only items for consideration here are requests 4 and 5. Objection to the motion relating to the 4th and 5th items is, that Rule 12(e) does not authorize a bill of particulars in this instance, that the information sought would be based upon the conclusion of the plaintiff.

Upon the trial of the issue the plaintiff would be called upon to prove what it claims is new and patentable in each of the claims of the patent in suit charged to be infringed by the defendant and what plaintiff asserts each of said claims covers and also where in defendant's alleged infringing device or devices plaintiff asserts there is found the features set forth as new and patentable. The question arises whether such information should be given in advance of defendant's answering or after defendant's answering by interrogatories, or whether or not the defendant should wait until the trial of the action to obtain the information.

■ The purpose of these new Federal Rules of Civil Procedure is to reduce the amount of litigation, to narrow the issues and to avoid surprises and to promote justice.

There are a number of decisions under Rule 12 relating to patent cases. Some holding that a bill of particulars is proper under the circumstances herein requested and some to the contrary.

■ If a defendant cannot file a responsive pleading it should receive the information sought prior to answering. However, if it is in possession of sufficient information to answer the complaint, delay would be occasioned by requiring the plaintiff to file a bill of particulars because if the Court grants a motion for a bill of particulars the defendant is given ten days after compliance with the order within which to serve its answer.

The Court is in complete accord with the following statement contained in the opinion of the Court in the case of Wilson v. Union Tool Co., D.C., 275 F. 624, 627, "In the presence of the great mass of accumulated and growing litigation with which this court is now burdened, I am determined to use every reasonable and just means at my command to simplify and lessen the issues in any controversy demanding my consideration and adjudication. In that spirit and in all cases, I will make effort to confine the testimony to be adduced to those matters which are material and relevant and those only, and in addition will seek to narrow and limit the issues so that only the real subsisting points of controversy will be exhibited."

■ Defendant should answer the complaint and obtain the information sought here under Rule 33 which relates to interrogatories. It will thus obtain at the proper time and in advance of the trial the necessary information contained in requests 4 and 5 so as to enable it to prepare for trial.

It is conceivable that in a proper case, if a defendant is unable to prepare a responsive pleading, it would be entitled to the information contained in items 4 and 5 before answering pursuant to Rule 12(e), but here the defendant is able to answer without such information.

■ The fact that items 4 and 5 in a measure call for a conclusion should not preclude their being granted. Certainly, in a patent case there is usually considerable opinion evidence. At least a plaintiff who asserts that it has a valid patent and it is infringed should be required in advance of the trial to show what it claims is new and patentable in each of the claims in the patent in suit charged to be infringed, and what the plaintiff asserts such claims cover, and where in defendant's device plaintiff asserts there is found the features set forth as new and patentable. The plaintiff should at least be bound by its conclusion in this respect of what it claims and asserts. This will narrow the issue and shorten the trial. Motion as to items 4 and 5 denied.

This disposition is without prejudice to any proceedings brought by the defendant after answering under the Federal Rules of Civil Procedure relating to deposition, discovery or interrogatories.

Settle order on notice.