**BUXTON, Inc., v. GARDNER et al.**

**No. 622.**

District Court, E. D. Missouri, E. D.

March 24, 1942.

Franklin G. Neal, of Springfield, Mass. (Kingsland, Rogers & Ezell, of St. Louis, Mo., of counsel), for plaintiff.

John D. Rippey, of St. Louis, Mo., for defendants.

MOORE, District Judge.

This is an action for patent infringement and the issue presented arises from a motion by defendant for a more definite statement or bill of particulars under Rule 12(e) of Federal Rules of Civil Pro-

cedure, 28 U.S.C.A. following section 723c. Defendant has asked for five particulars, three of which have been answered voluntarily by plaintiff. Numbers 4 and 5, however, are objected to by the plaintiff. They are:

4. Define precisely what plaintiff asserts or claims is new and patentable in each of the claims of the patents in suit charged to be infringed.

5. Designate precisely where, in the alleged infringing device or devices, plaintiff asserts there is found the features set forth as new and patentable in response to Paragraph 4 hereof.

Plaintiff urges the impropriety of these items on the grounds that they seek evidentiary detail and that they ask for an interpretation or opinion and for plaintiff's theory as to infringement. The court has been asked to decide the propriety of this type of Particular several times before in patent litigation, and it appears well, for the information of patent attorneys, to clarify this matter.

Unusual in a motion under Rule 12(e) is the fact that both sides have submitted authorities involving almost identical requests. Cited by plaintiff are the cases of Dill Mfg. Co. v. Acme Air Appliance Co., Inc., E.D.N.Y. 1941, 2 F.R.D. 151; Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co., D.C.Del. 1938, 25 F. Supp. 598; Midwest Mfg. Co. v. Staynew Filter Corp., D.C.W.D.N.Y. 1935, 11 F. Supp. 705. Cited by defendant are: Wilson v. Union Tool Co., D.C.S.D.Cal. 1921, 275 F. 624; Selrite, Inc., v. Tropical Chair Co., D.C.S.D.N.Y. 1940, 1 F.R.D. 438. These lines of authority are diametrically opposed and I have neither been cited to nor found any higher authority.

In Dill Mfg. Co. v. Acme Air Appliance Co., Inc., supra [2 F.R.D. 153], an almost identical question was involved, and Judge Moscowitz overruled the motion for particulars. However, from plaintiff's standpoint, the case is weakened by the Court's reasoning. In the first place the Court states: "It is conceivable that in a proper case, if a defendant is unable to prepare a responsive pleading, it would be entitled to the information contained in items 4 and 5 before answering pursuant to Rule 12(e)."

The Court rules against the defendant for none of the reasons assigned by the plaintiff here and, in fact, inferentially rejects plaintiff's argument. Instead, Judge Moscowitz bases his holding on the ground that Rule 12(e) entitles the defendant to information only if he needs that information in order to prepare an answer. In the Dill case it was his opinion that this information was not needed, and no criterion useful to me here is given to determine when such information would be necessary. Plaintiff urges that the co-defendant herein has already answered without obtaining this information, which evidences, counsel says, the lack of necessity in the movant for these facts. Such fact is not necessarily conclusive but has some force.

The other two cases cited by plaintiff, however, directly hold that to ask the other party what is new and patentable calls for a legal construction and evidence and is, therefore, objectionable.

In Midwest Mfg. Co. v. Staynew Filter Corp., supra, Judge Rippey said 11 F.Supp. loc.cit. 709: "Defendant requires that plaintiff state precisely what plaintiff asserts or claims is new and patentable in each of claims 7 and 8 of the letters patent in suit, that it state precisely where in defendant's alleged infringing device or devices plaintiff asserts there is found the features set forth as new and patentable in such claims. *This calls clearly for evidentiary detail, for plaintiff's interpretation of the claims and his opinion thereon, and for plaintiff's theory as to infringement, and does not come within the proper scope of a bill of particulars.*" (Emphasis added.)

The Particular requested in Jessup & Moore Paper Co. v. West Virginia Pulp & Paper Co., supra, was again identical and was not allowed.

It is interesting to note that in the case of E. I. DuPont De Nemours & Co. v. Byrnes, D.C.S.D.N.Y. 1939, 1 F.R.D. 34, Hulbert, D. J., an interrogatory along the same lines as the particulars in the case at bar was refused, the court saying, 1 F.R.D. loc.cit. 39: "No. 17 requests Byrnes to state precisely what he asserts or claims as new or patentable in each of the claims of each of the patents in suit, and calls for an interpretation of the patent. Objection sustained."

On the other hand, Wilson v. Union Tool Co., supra, without assigning any reasons, requires plaintiff to answer an identical question, and Selrite, Inc., v. Tropical Chair Co., supra, while frankly admitting the contrary holdings in the cases hereinabove dis-

cussed, is in accord. In the Selrite Co. case, the motion once again sought to draw out what was new and patentable in plaintiff's claim, and the motion was granted. After citing the contrary opinions, the Court said:

"In this district, however, both before and after the new rules, it seems to have been the practice to require a party to specify what he asserts to be new and patentable in each of the relevant claims of a patent in suit. [Here follow citations of unreported cases]

"The practice exemplified by the unreported decisions appears to me to be sensible. Patent litigation is *sui generis* (Holtzoff, New Federal Rules and the Courts, supra) and during its course it is essential that before trial there be a clear definition of issues. If this be not done, the technical nature of the issues too often present complexities which tend to obscure and make difficult the proper disposition of the case. Certainly a construction of what part of a claim is new, to an extent involves a legal construction, but so also does a statement of what acts a plaintiff claims to have been negligent. Yet particulars of this last type are granted as a matter of course and serve a useful function in pleading. *The reissue patents in this suit contain some broad claims and a mere statement of reliance upon some of them might conceivably still leave the issues of the cases broader than is desirable.* The information sought in items 3 to 6, inclusive, however, will serve to narrow the issues and should be furnished to defendant." (Emphasis added.)

 A choice, therefore, must be made between these conflicting viewpoints, and it appears to me the cases that hold that evidence and a legal conclusion or interpretation is called for by this type of question have the better outlook. Even Judge Leibell, in the Selrite case, does not deny that these questions call for a construction of the patent; and it appears to me that to ask the other party to lay before his opponent the result of his mental constructions and interpretations is neither proper, fair, or, for that matter, necessary. It will be remembered that Judge Moscowitz, in the Dill Mfg. Co. case, supra, decided that information of this type was generally not necessary to the preparation of an answer, and that argument is equally strong here. To the extent that evidentiary detail is sought by these requests it is certainly apparent that a motion for a bill of particulars is not a proper method of discovery, and that even though a fact may ultimately be made available to a party when he seeks it by the proper procedure, his motion for supplemental pleadings should be rejected.

While it is true that these matters will ultimately be subject to proof and construction, I do not believe that Question No. 4 is proper in this case. (Question No. 5, being dependent thereon, necessarily falls too). In so deciding, however, I should point out that I am to an extent moved by the total absence of any showing by defendant of real necessity for this information, as contemplated by Judge Moscowitz, in the Dill decision. For that matter, so far as can be seen, the defendant does not even bring himself within the language in the Selrite case, where Judge Leibell intimates that the *broadness* of the claims involved might affect the necessity for this type of information in certain cases. (I refer to the two sentences of that opinion, where it is said: "The reissue patents in this suit contain some broad claims and a mere statement of reliance upon some of them might conceivably still leave the issues of the cases broader than is desirable".) If real necessity were glaringly apparent on the record I might consider allowing such a request.

Defendant's motion must, therefore, be overruled as to Items 4 and 5. It is so ordered.