**WALLING, Administrator, v. TODD et al.**

**No. 921.**

District Court, M. D. Pennsylvania.

Nov. 23, 1942.

Irving J. Levy, Acting Sol., of Washington, D. C., and Ernest N. Votaw, Regional Atty., and Bernard L. Barkan, both of Philadelphia, Pa., for plaintiff.

Robert Lee Jacobs, of Carlisle, Pa., and W. B. Anstine, of York, Pa., for defendants.

JOHNSON, District Judge.

This is a motion for more definite statement of complaint in the above-entitled case, made under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, entitled "Motion for More Definite Statement or for Bill of Particulars".

On May 4, 1942, the plaintiffs filed their complaint, alleging therein certain violations by the defendants of the provisions of Section 15(a) (1), (a) (2), and (a) (5), of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

On May 20, 1942, the above-named defendants filed their motion for a more definite statement, alleging therein that plaintiffs be required to set out in their statement "(1) the names and number of employees who were paid less than the minimum rates prescribed by Section 6, who were employed for work weeks longer than the maximum specified in Section 7 without receiving for such excess hours one and one-half times their regular rates of pay, and for whom adequate records were not made, kept and preserved; (2) the

names and number of home workers and the term and nature of their employment; (3) the dates on which and the persons to whom goods produced in violation of Sections 6 and 7, were sold, shipped, delivered or offered for transportation in interstate commerce; and (4) the manner of defendants' present violations of the Fair Labor Standards Act".

Motions of this nature have been made before this court in numerous cases in the past, and the question of what should and should not be set out in a statement of complaint so as to render it sufficiently concise and definite under our Federal Rules of Civil Procedure, and yet be broad enough to enable the defendants to prepare a full and complete response, is now well settled.

Rules 8(a) (2) and 8 (e) (1) of the Rules of Civil Procedure for the District Courts of the United States provide that a pleading shall be concise, simple, and direct. This has been construed by our courts to mean that matters of evidence and proof upon which the facts contained in the complaint are based, and which are to be used later to prove the cause of action pleaded in the said complaint, must not be included in the complaint itself. See Brinley v. Lewis, D.C., M.D.Pa.1939, 27 F. Supp. 313, 314, and Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co., D.C., M.D.Pa.1939, 27 F.Supp. 987, 988.

In this latter case above cited, this very court said: "Evidence and proof cannot be made a part of the pleading under Rule 12(e), thereby destroying the fundamental distinction between the ultimate facts, which alone should be pleaded, and the evidence and proof upon which these facts are based".

It is the opinion of this court, in this case at bar, that what the defendants are seeking in their motion are the evidence and proof upon which the cause of action as set out in the plaintiffs' complaint is based. The additional facts which they seek must be within their own knowledge and contained in their own records. Motions of this nature will be granted only where there is a danger that defendants will be surprised at the trial, or the issues are obscured, or the complaint is not sufficiently definite and particular to enable the defendants to prepare their responsive pleading or generally to prepare for trial. In this case the court is convinced that none of these evils are present.

In the event that defendants desire more detailed information as to the cause of action be furnished by the plaintiffs, or the issues be further limited, their attention is called to Rules of Civil Procedure 33 to 37, inclusive. As to the statement of complaint itself, it is in the interest of brevity, clarity, and expediency to limit the complaint to a concise simple and direct statement of the cause of action pleaded. This has been done in this case, therefore the motion of the defendants for a more definite statement of complaint must be denied, and the motion is denied, and the defendants are ordered to serve their response within 20 days of this date.