**BOWLES, Price Adm'r, v. KARP et al.**

**No. 637.**

District Court, W. D. Kentucky, Louisville Division.

Feb. 4, 1944.

Raymond Stephenson, of Louisville, Ky., and Fritz Krueger, of Mt. Vernon, Ky., for plaintiff.

Squire R. Ogden and Ogden, Galpin, Tarrant & Street, all of Louisville, Ky., for defendants.

MILLER, District Judge.

Chester Bowles, Acting Price Administrator, brought this action against D. W. Karp and The Loretta Distilling Company to recover $276,041.64 as treble damages for numerous sales (made in November and December of 1942 and in January of 1943) of barrels of whiskey in excess of the ceiling price, alleged by the plaintiff to be established by Maximum Price Regulation 193 effective August 5, 1942. It is alleged that the excess amount charged and collect-

ed in said sales was $92,013.88. The defendants have moved for an order requiring the plaintiff to amend his complaint so as to make it more definite in certain respects. The motion claims that the petition should state whether or not the sales involved anything other than negotiable warehouse receipts, the exact ceiling price per barrel or gallon which was applicable to each transaction, the exact facts upon which plaintiff reached his conclusion as to the ceiling price so used, and which of the numerous sales referred to were handled by the defendant Karp and which were handled by the defendant Loretta Distilling Company. The action is submitted upon this motion.

Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides for a motion by the defendant "for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial." However, this rule has been given a far more limited application than is usually given to a similar motion in the state practice. In view of the several other rules which furnish adequate procedure for securing such information by a defendant before trial, it has been held rather generally throughout the federal courts that a motion for a bill of particulars under Rule 12(e) should be sparingly used and in most instances the information desired should be obtained by depositions or interrogatories, discovery or requests for admissions, and that the defendant is not entitled to a bill of particulars if the complaint is sufficiently definite to enable him to know with what he is charged and to answer yes or no thereto, or to explain the charges against him by a responsive pleading. It is pointed out that Rule 8 requires that the complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief, * * *," which means the pleader should not be required to state in his pleading matters of evidence. Samuel Goldwyn, Inc., v. United Artists Corp., D.C.N.Y., 35 F.Supp. 633, 637; Brinley v. Lewis, D.C.Pa., 27 F.Supp. 313; Walling v. Todd, D.C.Pa., 2 F.R.D. 522; Buxton, Inc., v. Gardner, D.C.Mo., 2 F.R.D. 351; Thompson-Starret v. Chicago Housing Authority, D.C.Ill., 3 F.R.D. 68; and cases therein referred to. The complaint in the present case seems to comply with the provisions of Rule 8, in that it adequately and concisely notifies the defendants of the claim and the circumstances out of which it arose. It gives the exact dates, the exact number of barrels and proof gallons therein, the name of the brand, the date of distillation, the name of the purchaser and the exact amount in dollars and cents which was paid in each instance. It also gives in each instance the exact amount in dollars and cents by which the purchase price exceeded the ceiling price as established by Maximum Price Regulation 193. This indirectly answers that part of defendants' motion which asks that the exact ceiling price be alleged for each transaction. These allegations are certainly sufficient to enable defendants to know with what they are charged and to be able to answer yes or no. It will no doubt facilitate the preparation of the defense if the defendants are furnished the other information which their motion requests. However, it appears the recognized and better practice under federal procedure to obtain this information by proper and timely use of the provisions of Rule 26, authorizing depositions or interrogatories for the purpose of discovery, the provisions of Rule 34 dealing with the production and inspection of documents, and the provisions of Rule 36 authorizing requests for admission of facts. It would appear that all the information requested can be easily obtained through these means.

Defendants' motion for a bill of particulars is overruled.