WATER RESOURCES AUTHORITY OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

Nos. 1640, 1641, 1642. Argued April 17, 1946.—Decided April 24, 1946.

*Gabriel Guerra Mondragón, C. Domínguez Rubio, José Vilá Ruiz,* and *Antonio M. Bird,* for petitioner. *E. Martínez Rivera, Luis Blanco Lugo,* and *F. Fornaris, Jr.,* for interveners, plaintiffs in the main actions.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

The petitioner in the three above-entitled cases, defendant in three tort actions brought in the respondent court, demanded from the plaintiffs certain particulars, some of which were granted and others denied by an order of that court, dated January 18, 1946. Subsequently, after the cases had been set for trial, the petitioner served interrogatories on the plaintiffs, who objected thereto, and after a hearing most of the interrogatories were excluded by an order of the court, on the ground that the questions asked had already been rejected by the order of January 18, 1946, on the bill of particulars.

The petitioner now asks us to issue writs of certiorari to review the decision of the lower court denying the interrogatories. It stresses the difference between interrogatories and particulars,[1] and the error of the court in confusing the

[1] See Rule 33 of the Rules of Civil Procedure; 2 Moore's Federal Practice 2608 *et seq.;* and *Stanley Co.* v. *American Telephone & Telegraph Co.,* 5

two matters and in considering that, once an application for a certain particular has been denied, the denial precludes any interrogatory respecting the same fact. However, the transcript of the hearing which was attached to the petitions for certiorari, shows that the petitioner shared, if he did not cause, the confusion of the court. The court was not advised that the hearing of April 12 dealt with something different from what was decided on January 18. On the contrary, when the court asked: ''Were not these questions asked before?'' the following colloquy took place:

''Defendant: Yes, your Honor, we are ready to discuss them.

''The Court: The Court considers that they could be discussed again. But the Court desires to state to counsel that it has not changed its opinion. And it wishes to inquire of him if the questions now put to the adverse party have already been passed upon by this Court.

''Defendant: There are some which have not been the subject of any ruling by this Court.

'''The Court: . . . . . the Court is not going to discuss the same matter three or four times.

''Defendant: . . . . . the fact that some or all of the questions should have been previously discussed and rejected does not preclude us from asking them again. We are entitled to submit the interrogatories, even though they concern the same matters, although we are aware of the fact that the court has a wide discretion to grant or deny the particulars demanded through an interrogatory.

''The Court: . . . The Court thinks that when this interrogatory was previously offered, the question of its propriety was amply discussed by the parties, and that the Court granted some of the questions and denied others and made its ruling, which remains unchanged. . . .

''Defendant: We move for a reconsideration of the order of Your Honor.

''The Court: Motion denied.''

From the foregoing it may be seen that the defendant failed to inform the court adequately as to the nature of the

F. Supp. 380, where the difference between particulars and interrogatories was emphasized, the particulars demanded were denied, and certain interrogatories concerning the same facts were granted.

matter it desired to submit, and permitted the court to believe that it was merely a reproduction of an application which had already been denied, and to decide the question on the basis of that belief. The *pro forma* motion for reconsideration did not at all help the court to learn what the petitioner really sought.

The transcript which was attached to. the petitions here shows that the petitioner asked the lower court for a reconsideration of its decision in order to lay the foundation for its review by certiorari. Its action in this connection undoubtedly was due to an erroneous understanding of the decisions of this court concerning the remedy of certiorari. The question whether the lower court is or is not asked to reconsider the order sought to be reviewed by certiorari is not important in itself. What is important is that the lower court be given an adequate opportunity to pass upon the question intended to be raised in the certiorari proceeding. *Giménez* v. *District Court,* 56 P.R.R. 225; *González* v. *District Court,* 54 P.R.R. 464; *National City Bank of New York* v. *District Court,* 45 P.R.R. 752; *Las Monjas Racing Corp.* v. *District Court,* 40 P.R.R. 282. If the court has had that opportunity, a motion for reconsideration is superfluous. If the court has not had that opportunity, and the motion for reconsideration fails to furnish it, nothing is gained by making the motion.

In the cases at bar, the petitions and the documents attached show that the respondent court had not had an adequate opportunity to pass upon the question which the petitioner wishes to raise here. The petitions do not set forth any facts which would warrant us in deviating from the general rule that, under such circumstances, certiorari does not lie. The petitions for certiorari should therefore be denied.