**Ernst MAHLER, Jr., Plaintiff,**

v.

**James Francis DRAKE, III, a minor over the age of fourteen (14) years, and James Francis Drake, Jr., and Herbert Coleman Strickland, Defendants.**

Civ. A. No. AC–1654.

United States District Court
D. South Carolina,
Columbia Division.

Oct. 18, 1967.

See also D.C., 273 F.Supp. 537.

Harold W. Jacobs, Columbia, S. C., for plaintiff.

John W. Thomas, Columbia, S. C., for defendants, Drake.

D. W. Green, Jr., Conway, S. C., for defendant, Strickland.

1

**2**

HEMPHILL, District Judge.

Plaintiff seeks aid of the court in determining defendant Drake's [1] insurance coverage limits, moves:

for an order requiring the defendants Drake to divulge the limits of their liability insurance policy which was in effect on June 11, 1964, the date of the accident out of which this litigation arose, on the ground that it is necessary for plaintiff to have said information in order to make an intelligent decision as to whether to appeal from the Order of Court, dated October 5, 1967, granting the defendants a new trial unless plaintiff remit the sum of $10,000.00 punitive damage against the defendant Strickland and the sum of $5,000.00 punitive damages against the defendants Drake, or to remit as directed.

Plaintiff was successful against all defendants and, prior to the order *nisi* as to punitive damages, obtained judgment:

[T]he plaintiff, Ernst Mahler, Jr., recover of the defendant, Herbert Coleman Strickland, the sum of $25,000.00 actual damages and the sum of $25,000.00 punitive damages.

[T]he plaintiff, Ernst Mahler, Jr., recover of the defendant, James Francis Drake, III, and Jr., the sum of $5,000.00 actual damages and the sum of $20,000.00 punitive damages.

The complexities suggested in the arguments of counsel belie the simplicity of procedure and disposition the Federal Rules of Civil Procedure are designed to promote. Plaintiff argues his dilemma of decision. If he appeals the order for new trial *nisi* the result will be extended litigation. If he remits on the record to avoid new trial, a speedy end of the litigation may ensue. If he submits to a new trial, the result is extended litigation. Arguendo, also, if sufficient coverage exists to assure recovery of as much or more than the original verdict, such may affect his decision.

Drake argues that the court should refuse the motion, that to grant would, in effect, "plow a new furrow." While he does not freely admit the propriety of demanding the information prior to trial,[2] he suggests that plaintiffs' pursuit of the information should now be postponed until final judgment. This court does not agree. If the granting is indeed the opening of a "new furrow," the field has long since been prepared [3] to produce the crop of more enlightened justice. The rules of federal procedure are not strict, or restricting, mandates.[4]

---

1. Defendant Drake, Jr. was the owner of an automobile involved in this collision case which his son, Drake, III, was driving, with parental permission, at the time of the accident.

2. See Maddox v. Grauman, 265 S.W.2d 939 (Ky.1954); Annot. 41 A.L.R.2d 968, wherein the court held that complete information as to liability insurance in automobile negligence cases was *relevant* discovery information in pre-trial proceedings. It appears from the annotation in A.L.R. that Kentucky Rule 26.02 is almost identical with the Federal Rule.

3. Of significant guidance are the remarks of the late Chief Justice Charles Evans Hughes at the thirteenth annual meeting of the American Law Institute (21 A.B.A.J. 340, 341), May 9–11, 1935 in commenting on 48 Stat. 1064 (the new rules): "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances."

4. "The most significant fact to be derived from reading the cases is that the courts are treating the rules as tools to be used in the administration of justice instead of mandates to be construed and applied strictly." Remarks of Walter L. Brown, Esquire, of Huntington, W. Va., at the Fourth Circuit Judicial Conference, 1939 (25 A.B.A.J. 602).

The spirit of the rules [5] would be aborted were this court to define that revelation of any facts, not privileged, is limited to *discovery* prior to trial. In the search for substantial justice, [6] each separate rule is related to the general plan of others and must be so construed. [7]

Perhaps the confinement of expression on the subject has been limited to discoveries preparatory to trial hitherto because the issue has not been raised. Again, the trend of current legislation to require motorists to maintain liability insurance is lately near full bloom, but has not reached its full impact. Meanwhile the application of the rules brings court proceedings more and more into the light. By interpretations the courts seek to reduce the amount of litigation, eliminate concealment and surprise. Dill Mfg. Co. v. Acme Air Appliance Co., Inc., 2 F.R.D. 151 (E.D.N.Y.1941); Stark v. Am. Dredging Co., 3 F.R.D. 300 (E.D.Pa.1943); Boysell Co. v. Colonial Coverlet Co., 29 F. Supp. 122 (E.D.Tenn.1939). Surprise as a weapon of attack or defense is not tolerated under the new federal procedure. Burton v. Weyerhaeuser Timber Co., 1 F.R.D. 571 (D.Oregon 1941). The old concept of litigation as a battle of wits is to be eliminated. Seligson, et al v. Camp Westoner, Inc., 1 F.R.D. 733 (S.D.N.Y.1941). The Federal Rules indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits, and to that end are to be liberally construed. [8] Mitchell, et al v. White Consolidated, Inc., 177 F.2d 500 (7th Cir. 1949); Holley Coal Co. v. Globe Indemnity Co., 186 F.2d 291 (4th Cir. 1950); Builders

Corp. of America v. United States, 259 F.2d 766 (9th Cir. 1958).

Among the avowed purposes of liberality in rule construction and application are the avoidance of unnecessary litigation, Robinson Bros. & Co. v. Tygart Steel Products Co., 9 F.R.D. 468 (W.D.Pa.1949); General Motors Corp. v. Kolodin, 16 F.R.D. 20 (E.D.N.Y. 1954); Massaro v. Fisk Rubber Corp., et al, 36 F.Supp. 382 (D.Mass.1941); United States v. Dovolis, 105 F.Supp. 914 (D.Minn.1952) and the promotion of just, speedy and inexpensive justice. Fong Sik Leung v. Dulles, 226 F.2d 74 (9th Cir. 1955); Bach v. Friden Calculating Machine Co., 148 F.2d 407 (6th Cir. 1945); O'Mearor-Sterling v. Mitchell, 299 F.2d 401 (5th Cir. 1962); United States v. Shuman, 1 F.R.D. 251 (D.C. W.Va.1940).

It is clear that "[t]he new rules of civil procedure are designed to enable the disposition of a whole controversy of interested parties' conflicting claims, at one time and in one action, provided all parties can be brought before the court and the matter decided without prejudicing rights of any party." United States to the Use and for Benefit of Foster Wheeler Corp. v. American Surety Co., of N. Y., et al, 25 F.Supp. 700 (E.D.N.Y.1938).

In the instant case there will be no prejudicing of rights because of the allowance of discovery of the limits of defendant Drake's liability insurance policy. The discovery will be "in camera" and any disclosure would cause the plaintiff to be in contempt of court.

The only way that discovery of the limits of defendant Drake's liability in-

---

5. FED.R.CIV.P. 1 provides: These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action.

6. Lawhorn v. Atlantic Ref. Co., 299 F.2d 353 (5th Cir. 1962).

7. United States v. Purdome, 30 F.R.D. 338 (D.C.Mo.1962).

8. While this statement is generally attributable to pleadings, it indicates the liberality in the search for truth as the ultimate of justice.

surance could foreseeably be detrimental to Drake's position and to the disposition of the case would lie in the plaintiff's decision to ask for a new trial. A new trial could feasibly result in a finding of actual damages higher than the damages found by the first jury. It must be remembered that it was the defendant's motion for a reduction of punitive damages that has placed the plaintiff in his present position of dilemma. The defendant should not, therefore, be allowed to conceal discoverable material, which, if discovered, would allow the plaintiff to make an enlightened decision. The defendant has been found negligent and liable for damages. The plaintiff should have all available tools in order to make a proper decision in procuring his judgment.

While Drake's insurer is not a party to the proceedings,

"[i]t is a matter of common knowledge with which lawyers and judges alike are familiar, that automobile liability insurance is a necessary and extensive business carried on in every part of the country. The books are teeming with reports of cases and the usual relationship existing between the insurance carrier and its assured. With probably no exception, one of the obligations of the insurer requires it to defend its policy holder in case of litigation arising from alleged collisions and injuries such as those claimed here. The insurer is obliged by its contract to take over the defense of the case, to furnish counsel for that purpose, as well as to incur the expense of procuring witnesses, and in all things to save the insured harmless from expenses and damages within the limits of the policy. It would be idle to say that an insurer thus obligated and in complete control and direction of the defense might be able to claim immunity from the usual obligation resting upon litigation. For all practical purposes it is performing the exact functions and playing the precise role of an actual party to the litigation. That being true, it should be subject to the usual and reasonable rules of procedure, and especially with respect to discovery. Otherwise, a litigant by contracting with a third party could nullify and evade the rules of procedure." Wilson v. David, 21 F.R.D. 217 at 218–219 (W.D.Michigan 1957) quoting from Simper v. Trimble, 9 F.R.D. 598 (W.D.Missouri 1949).

It is not necessary to bring the present situation within the ambit of Rule 34 requiring a pending proceeding.[9] The problem falls squarely within the purpose of Rule 1.[10] It makes no difference that we are not at the pretrial stage of the proceedings as the problems and decisions that the plaintiff is faced with are the same as those he would face during pretrial discovery. The only difference is that the plaintiff has had an adjudication of his rights.

A judicial system should encourage pretrial settlement when possible. This will minimize time spent, money expended and decrease overcrowded court dockets.[11] The same policy and considerations are applicable in the present controversy. A disclosure of the limits of the defendant Drake's liability insurance policy, *in camera*, will allow the plaintiff to make a just and equitable decision and most certainly avoid protracted litigation.

9. FED.R.CIV.P. 34; see Sullivan v. Dickson, 283 F.2d 725 (9th Cir. 1960); M. Lowenstein and Sons v. American Underwear Mfg. Co., 11 F.R.D. 172 (E.D.Penn. 1951).

10. FED.R.CIV.P. 1.

11. 74 Harv.L.Rev. 940 (1961).

As Judge Thomsen[12] stated in his address to the Judicial Conference of the Fourth Circuit[13] concerning amendments and rearrangement of the present discovery rules:

> The Committee believes that disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case; it will lead to settlement in some cases and avoid *protracted litigation* [emphasis added] in others. The amendment is limited to insurance and indemnity coverage, as distinguished from any other facts concerning defendants financial status; first, because insurance is an asset created specifically to satisfy the claim; second, because the insurance company ordinarily controls the litigation; third, because information about it is available only from defendant or his insurer.

This court is of the opinion that a denial of plaintiff's motion would extend the darkness of doubt in which plaintiff now finds himself. In keeping with the philosophy that the Federal Rules of Civil Procedure are designed to bring to light, as opposed to keeping in the the dark, essential facts bearing on the justice of the cause and the correctness of the final decision, plaintiff is entitled to the information he seeks. Otherwise the game of cat and mouse, the substitution of wits for knowledge, would permeate the case.

Plaintiffs' motion is granted. Defendant will comply, either by furnishing the policy in question to the court, or by disclosure through counsel.

Under the provisions of 28 U.S.C. § 1292(b) this court states the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion so that an immediate appeal may materially advance the ultimate termination of the litigation.

And it is so ordered.

12. Chief Judge, United States District Court, District of Maryland.

13. Address on Proposed Changes in the Federal Rules of Civil Procedure, delivered July 1, 1967. The speaker is a member of the advisory committee on Rules to the Judicial Conference of the United States.