■ The petitioners also urge that the plaintiff has available sound Federal jurisdiction in the State of Delaware, where, it is alleged, jurisdiction could be obtained over all of the defendants. A careful search has revealed no authority to support this contention. None of the defendants are citizens of Delaware, and consequently a suit in the District of Delaware would be a nullity, unless the defendants voluntarily entered appearances, and thus subjected themselves to the jurisdiction of that court.

■ The final contention of petitioners is that so long as the names of the non-resident defendants, Schrack and Frank, remain on the record, " * * * the jurisdiction of this court is automatically negatived." There is no merit in this contention. The defendants, Schrack and Frank, are "proper", but not "indispensable" parties, who by reason of their residence outside of Pennsylvania cannot be served with process. They may voluntarily appear in this action at any time before final judgment, but if they do not, the final judgment cannot affect their rights and liabilities, and under Rule 21 of the Rules of Civil Procedure they may be dropped as parties at any stage of the action.

All of the petitioners' contentions are without merit, and it is therefore ordered that the motion to dismiss the complaint be, and hereby is refused, and leave is granted to the defendants to file an answer within twenty days.

Oscar J. Brown, of Syracuse, N. Y., for plaintiff.

Hiscock, Cowie, Bruce & Lee, of Syracuse, N. Y., for defendant.

BRYANT, District Judge.

The motion for bill of particulars, now under consideration, must be limited to information necessary to enable defendant to prepare its answer. Tully v. Howard et. al., D.C., 27 F.Supp. 6.

I have attempted to determine the particulars, not set forth in the complaint, which defendant requires for that purpose. I direct that plaintiff answer paragraphs one, two, three, eight, nine and ten of the petition as fully as his knowledge and information permits.

An order may be presented directing service of such a bill on defendant's attorney within twenty days from date of service. It may also contain a provision that defendant has twenty days from date of service of the bill of particulars in which to answer.

## CASCO PRODUCTS CORPORATION v. SINKO TOOL & MFG. CO.
### No. 15337.

District Court, N. D. Illinois, E. D.
July 5, 1939.

## FISCHBACK v. SOLVAY PROCESS CO.
### No. 220.

District Court, N. D. New York.
Sept. 19, 1939.

Wilkinson, Hyxley, Byron & Knight, of Chicago, Ill., for plaintiff.

Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., for defendant.