**GUM, Inc., v. GUMAKERS OF AMERICA, Inc.**

**Civil Action No. 1186.**

District Court, E. D. Pennsylvania.

Feb. 28, 1941.

Harry Shapiro, of Philadelphia, Pa., for plaintiff.

Matthew S. Biron and Weiss, Sylk & Biron, all of Philadelphia, Pa., and Harry Price, of New York City, for defendant.

BARD, District Judge.

This case comes before the court at this time on defendant's alternative motions to dismiss the complaint or to obtain a bill of particulars. The court is moved to dismiss the complaint (1) for lack of jurisdiction over the subject matter, (2) for lack of jurisdiction over the parties, and (3) for failure of the complaint to state a claim upon which relief can be granted. These defenses are asserted in accordance with Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion for a bill of particulars is pursuant to Rule 12(e).

The plaintiff, a Pennsylvania corporation engaged in the manufacture and sale of chewing gum known as "bubble gum", seeks to enjoin the defendant, a Delaware corporation similarly engaged, from continuing certain activities alleged to constitute unfair competition with the plaintiff. The plaintiff's particular concern is with alleged unfair competition relative to the plaintiff's "Blony" bubble gum.

Plaintiff alleges it developed a distinct shape, package and name for its "Blony" bubble gum. The gum is sold in cylindrical shape. It is enclosed in colored wax paper which is twisted tightly at the ends by machines alleged to have been designed by the plaintiff. It is alleged that, when so made and wrapped, the article has a "unique and distinctive appearance". It is alleged that the name "Blony" was chosen for the gum, because suggestive of its arbitrary bologna shape and its adaptibility to the blowing of bubbles. Annual sales of over 100,000,000 pieces of "Blony" bubble gum are averred.

Among other bubble gums manufactured by the plaintiff is a licorice gum, of essentially the same shape as "Blony", named "Bub".

The defendant is alleged to be owned and controlled by another corporation and a group of individuals formerly directly interested in or employed by the plaintiff for a period of several years. The individuals are averred to have taken an active part in the operation and management of the plaintiff's business and thereby acquired a full and comprehensive knowledge of the manufacture, equipment for manufacture, advertisement, exploitation, distribution and sale of all of the plaintiff's products. This knowledge, information and experience is averred to have been used unfairly and fraudulently in the manufacture and sale of a bubble gum under the name "Bubly", which is allegedly designed in close and unnecessary imitation of the plaintiff's bubble gum "Blony".

The defendant's "Bubly" is averred to be deceptively imitative of "Blony" in shape, size, weight, wrapper color scheme, "buttercup" ends of wrappers, company name, name of gum and general appearance. The defendant allegedly imitates sales methods of the plaintiff as well.

It is the plaintiff's contention that the purchasers of bubble gum, school-age children, are and will be confused by the alleged similarity in appearance and otherwise of the gums to the detriment of the plaintiff by reason of substitution and by reason of the alleged inferiority of the defendant's gum, which the plaintiff believes will be mistakenly attributed to its gum.

The plaintiff prays for an injunction restraining the defendant from manufacturing, selling, or offering for sale the gum now packaged and sold under the name "Bubly", or any gum possessing any or all of the enumerated characteristics of "Bubly", or any other gum deceptively similar to the plaintiff's gum. The plaintiff also seeks to have the defendant enjoined and restrained from using, owning or possessing the wrapping machines alleged to have been constructed from machines designed by the

plaintiff, and the designs, plans and blueprints thereof, knowledge of which it is alleged was acquired unfairly. Finally, the plaintiff asks an accounting and payment to plaintiff of all profits of the alleged unfair competition and an award of damages sustained by the plaintiff, as well as general relief.

■ Consideration of the complaint reveals that the essence of the allegations is that the defendant, in execution of an integrated plan, is unfairly competing with the plaintiff. True, the acts alleged as being in execution are not closely correlated in the complaint, but their substance is patent. If established, they state a claim upon which relief can be granted in this court.

■ The defendant contends that this court lacks jurisdiction over it because the suit was not brought in the jurisdiction wherein the defendant is incorporated, namely Delaware. By the provisions of Section 51(a) of the Judicial Code as amended, 28 U.S.C.A. § 112(a), it is provided that no civil suit shall be brought against any person in any other district than that whereof he is an inhabitant, except where jurisdiction is founded only on diversity of citizenship, in which case it shall be brought in the district wherein either the plaintiff or defendant resides.

It is the defendant's position that jurisdiction is not here founded "only on the fact that the action is between citizens of different states." The defendant argues that the primary complaint of the plaintiff is that defendant violates plaintiff's rights in its trade-mark, and that, therefore, jurisdiction is also founded on the existence of a controversy arising under Federal laws. With this I cannot agree. Nothing appears in the complaint which would support a conclusion that the suit is one arising under the federal trade-mark laws. It is not the object of the complaint to assert rights under Federal laws. It is simply alleged that the defendant has unnecessarily and deceptively imitated the trade-marks "Blony" and "Bub". The plaintiff is not necessarily dependent upon trade-mark statutes for protection of its rights in the words "Blony" and "Bub". A trade-mark is a creature of the common law. Restatement of the Law of Torts, section 715, comment f.

Jurisdiction is sought to be founded solely on diversity of citizenship. Since the complaint contains no allegations which refer to rights arising under Federal laws, I am decided that this court does not lack jurisdiction over the person of the defendant.

Under Rule 12(e) of the Federal Rules of Civil Procedure, a party may move for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading. The defendant urges that, in the event its motion for dismissal is denied, it should be given more particulars in order to prepare a responsive pleading.

■ Judicial interpretation and application of Rule 12(e) demonstrate closely that only those particulars should be ordered which are necessary for the formulation of a responsive pleading and are not within the knowledge of the moving party. National Millwork Corp. v. Preferred Mut. F. Ins. Co., D.C., 28 F.Supp. 952; Moog v. Warner Bros. Pictures, D.C., 29 F.Supp. 479; Fischback v. Solvay Process Co., D. C., 29 F.Supp. 583; Kraft Corrugated Containers v. Trumbull Asphalt Co., D.C., 31 F.Supp. 314.

The defendant's motion sets forth several respects in which the complaint is deemed insufficient as a basis for responsive pleading.

■ The first question is whether the plaintiff's bubble gum is that referred to in certain magazine articles. I am decided that the defendant need not resort to any such matter to respond to the complaint. The identity of the gum referred to in the complaint is adequately set forth therein. Furthermore the defendant's reference to the articles if responded to would introduce irrelevant matter. The complaint is also sufficiently specific and detailed concerning the physical characteristics of the gum, and so further particulars in that respect are unnecessary.

■ The defendant also requests a specific statement whether the trade-mark "Blony" has been registered, and, if so, the number of such registration. This is not only immaterial, since the action is not dependent upon registration, but lies within the defendant's knowledge by its admission. Questions concerning possible copyrights are likewise immaterial for the reason heretofore given that the action is not concerned therewith. The complaint is devoid

of any suggestion that the plaintiff seeks to assert rights under any copyright or patent law. The only reasonable interpretation of the complaint is that the alleged acts are objected to and sought to be enjoined as amounting to unfair competition.

In paragraph 15 of the complaint, it is stated that the plaintiff manufactures a number of other gums beside "Blony" and that one of these "Bub" is a licorice gum of essentially the same shape as "Blony". Defendant requests a detailed specification of names and other information concerning all these gums. Essentially the complaint is concerned with "Blony" and alleged unfairness relative to it.

The allegations concerning this unfair competition are clear and specific. They can be answered without resort to such information. Likewise, there is nothing to be served by requiring specification of all defendant's gums, sale of which is alleged to contravene rights of the plaintiff. The plaintiff seeks protection of specific attributes of its business. These are set forth clearly. If the plaintiff is entitled to have any or all of them protected, the protection will be against any bubble gum contravening the rights. Hence it follows that the defendant can conclude that any of its products, imitative in any or all of the enumerated ways, are objected to by the plaintiff.

The defendant also objects that it cannot respond to the allegation that it acquired knowledge, designs and plans of machinery, unless there is direct specification of the knowledge and plans referred to, and service of copies of same. The machinery is referred to as wrapping machinery. Certainly, the defendant must be deemed to have knowledge whether or not its wrapping machinery or any of the same was built in imitation of that of plaintiff.

I have considered, but find it unnecessary to discuss the remaining requests of the defendant for particulars. They likewise concern matters (a) specified with sufficient particularity in the complaint, (b) within the defendant's knowledge, (c) irrelevant to the allegations of the complaint, or (d) more properly ascertainable by bill of discovery. It is not the purpose of Rule 12(e) to afford particulars concerning such matters.

The motions must be and hereby are denied.