## UNITED STATES v. HARRIS et al.
### No. 11314 Criminal.

District Court, W. D. Pennsylvania.
Aug. 5, 1943.

Chas. F. Uhl, U. S. Atty., and W. Wendell Stanton, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

J. M. Magee and Chas. B. Prichard, both of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This case was heard on defendants' motion to quash the information, which charges defendants in forty-five counts with violation of the Emergency Price Control Act of 1942, Pub.Law 421, 77th Cong., 2nd Sess., 56 Stat. 23, 50 U.S.C.A. Appendix, §§ 901–946, in that they sold meat at prices in excess of those established by price regulations adopted in pursuance of said Act.

The motion to quash raises three questions, i. e.: (1) Is this Act and the regulations adopted pursuant thereto constitutional; (2) is the information sufficiently definite and certain to show any violation of this Act and the regulations adopted pursuant thereto; and (3) is it necessary for the Administrator to certify the facts to the Attorney General under the provisions of Section 205(b) of the Emergency Price Control Act for his action, before proceedings under the Act may be brought?

By Section 2 of this Act, the Price Administrator was given authority to fix prices. By Section 203 thereof anyone subject to the price regulations, is permitted, within sixty days after the issuance of the regulation, to file protests with the Price Administrator, specifying the reasons he believes the regulation to be unfair and inequitable.

Then, by Section 204(a) of the Act, anyone aggrieved by a decision of the Price Administrator may appeal to the Emergency Court of Appeals, from which court an appeal may be taken to the United States Supreme Court, under the provisions of Section 204(d).

Subdivisions (b) and (c) of Section 205 provide that a person who willfully violates the provisions of the Act may be prosecuted for a misdemeanor, and gives the District Courts jurisdiction over any offences.

In our opinion, the Emergency Price Control Act is a constitutionally valid exercise of the war powers of Congress. Among the valid war powers that Congress may exercise, the Supreme Court has noted the fixing and regulations of prices of food and other necessities of life. See United States v. Macintosh, 283 U.S. 605, 622, 51 S.Ct. 570, 75 L.Ed. 1302.

The constitutionality of this Emergency Price Control Act has been sustained by numerous decisions in the District Courts, and among these may be noted the following: Henderson v. Kimmel, D.C., 47 F. Supp. 635 (a three-judge court); United States v. Slobodkin, D. C., 48 F.Supp. 913; Henderson v. C. Thomas Stores, D. C., 48 F.Supp. 295; United States v. C. Thomas Stores, D. C., 49 F.Supp. 111; United States v. Hark, D. C., 49 F.Supp. 95.

Next, as to the sufficiency of the counts of the information, we are of the opinion that the several counts of this information are sufficiently definite and certain to apprise defendants of the charge against them.

Last, as to the contention that it is necessary under Section 205(b) of the Act for the Attorney General to authorize this prosecution before information can be filed in this case. Section 205(b) of the Emergency Price Control Act provides, inter alia, "Whenever the Administrator has reason to believe that any person is liable to punishment under this subsection, he may certify the facts to the Attorney General, who may, in his discretion, cause appropriate proceedings to be brought."

In our opinion, this section is not a limitation on the powers of the United States Attorney to institute criminal proceedings for violation of the Act; and an allegation in the indictment that the facts were certified to the Attorney General is not necessary. See United States v. Ganz, D. C. 48 F.Supp. 323; United States v. Friedman, D. C., 50 F.Supp. 584.

The motion to quash will therefore be denied. An order may be submitted accordingly on notice to opposing counsel.