**UNITED STATES v. DELFRATE.**
No. 11321 Criminal.

District Court, W. D. Pennsylvania.
Aug. 5, 1943.

Chas. F. Uhl, U. S. Atty., and W. Wendell Stanton, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

James F. Callahan, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This case was heard on defendant's motion to quash the information, on the ground that the Emergency Price Control Act of January 30, 1942, Pub.Law 421, 77th Cong., 2nd Session, 56 Stat. 23, 50 U.S.C.A. Appendix, §§ 901–946, and the Maximum Price Regulation No. 169, adopted thereunder, effective December 16, 1942, are unconstitutional.

 In an opinion filed herewith in the case of U. S. v. Alex Harris et al., 54 F.Supp. 563, we held this Act constitutional. For the reasons there stated, we make the same ruling in this case.

 The defendant raises an additional objection in the instant case, i. e., that Regulation No. 169 has been changed, revoked, and repealed without any saving clause, and therefore terminated any prosecution that might have been brought thereunder.

This objection is without merit. The penal provisions of the statute have not been changed. The subsequent change or amendment of Rule No. 169 would not have the effect to extinguish or release any penalty incurred while it was in effect. Even if the statute itself had been changed or repealed, it would not have the effect to release or extinguish any penalty incurred thereunder. See DeFour v. United States, 9 Cir., 260 F. 596; Landen v. United States, 6 Cir., 299 F. 75.

The promulgation of a new rule abrogating Rule No. 169 merely made a new rule for the future. It did not put an end to the Emergency Price Control Act, and what may have been done in violation thereof in the past. See United States v. Curtiss-Wright Export Corporation, 299 U. S. 304, 332, 57 S.Ct. 216, 81 L.Ed. 255.

The motion to quash will be denied. An order may be submitted accordingly on notice to defendant's counsel.