BOWLES, Acting Adm'r, Office of Price Administration, v. SHIREY.

Civil Action No. 63.

District Court, D. Nebraska, Grand Island Division.

Jan. 13, 1944.

Bert L. Overcash, of North Platte, Neb., for plaintiff.

John P. Jensen, of Kearney, Neb. (of Dryden & Jensen, of Kearney, Neb.), for defendant.

DELEHANT, District Judge.

In this action for recovery of a money judgment (for treble the amount of excess consideration) against the defendant for his alleged violation of Revised Maximum Price Regulation No. 169, Beef and Veal Carcasses and Wholesale Cuts, as amended (7 Fed. Reg. 4653), issued pursuant to the Emergency Price Control Act of 1942, U.S. C.A., Title 50 Appendix § 901 et seq., in the sale of ungraded wholesale beef carcasses, sides, hindquarters and forequarters at prices exceeding the maximum prices therefor, the defendant within Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has filed a motion to dismiss the action on the asserted ground that the complaint fails to state a claim against the defendant upon which relief can be granted. The motion was presented at Grand Island by oral argument and without either written briefs or the citation of judicial authority.

Two criticisms of the complaint were made by counsel for the defendant in his oral argument. The court does not consider that either of them is well taken. Nor, divorced from the points suggested in argument, does the court regard the motion to dismiss favorably.

▇ It is first suggested that the complaint is fatally defective in that it nowhere alleges that "the defendant was selling meat in the wholesale trade." But the complaint alleges the actual transaction in, and sales by the defendant of, identified beef units in terms which are exactly defined in the regulation (see section 1364.455). This court considers that the allegation is sufficiently, indeed exactly, made.

▇ The court's attention is next directed to the circumstance that the complaint does not allege the sending by the plaintiff to the defendant of a warning notice before suit under U.S.C.A., Title 50 Appendix, § 925 (f). But that section of the act deals with licensing of persons subject to regulation under the act; and the warning notice contemplated in its subsection (2) is a step prerequisite to the initiation of proceedings to suspend a license issued under the act, upon the ground of its violation. No such course is within the contemplation of the complaint or of this action. And the warning notice seems to the court not to be a condition precedent to a suit of this character, for which the act elsewhere provides.

▇ Finally, the court, examining the complaint to discover any fatal deficiency in it which might be reached by the motion, even though it were not drawn to the

court's attention on argument, is unable to find such insufficiency. The complaint, in harmony with Rule 8(a), Federal Rules of Civil Procedure, contains: (1) a short and plain statement of jurisdictional grounds; (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, which includes the averment briefly of the effectiveness at all material times of Revised Maximum Price Regulation No. 169, as amended; the applicable provisions thereof; the particulars of their alleged violation by the defendant; and the computation in terms of money of the legal consequence thereof; and (3) a demand for judgment for the relief to which he deems himself entitled.

Within the framework of that complaint, if the facts vindicate it, evidence may be introduced and received which will sustain the grant of relief to the plaintiff. And under Rule 12(b) (6), no more is required to necessitate the denial of a motion to dismiss, framed within its permission. Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 305; Sparks v. England, 8 Cir., 113 F.2d 579; Cohen v. United States, 8 Cir., 129 F.2d 733, 736; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, 870; Brauch v. Birmingham, D.C.N.D.Ia., 49 F.Supp. 229, 230.

The motion is, therefore, being denied and overruled, with allowance to the defendant of twenty days within which to answer.