**BOWLES, Administrator, O. P. A. v. NATIONAL ERIE CORPORATION.**

**Civ. No. 54.**

District Court, W. D. Pennsylvania.

Feb. 23, 1944.

Chas. D. Cowley, Chief Enforcement Atty., O.P.A., of Erie, Pa., for plaintiff.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., and Brooks, Curtze & Silin, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This case is brought in the name of Prentiss M. Brown, Administrator, Office of Price Administration. On his resignation, Chester Bowles was substituted as party plaintiff.

The plaintiff filed a complaint in this case, in which he asks for an injunction under Section 205(a) of the Emergency Price Control Act, 50 U.S.C.A. Appendix § 925 (a), and treble damages under Section 205 (e) of the Act, 50 U.S.C.A. Appendix, § 925(e).

The motion to dismiss is based on the allegation that the Emergency Price Control Act, 50 U.S.C.A. Appendix, §, 901 et seq., is unconstitutional, and that the plaintiff improperly joins two causes of action,—one arising under Sec. 205(a), and the other under Sec. 205(e) of the Act, 50 U.S.C.A. Appendix, § 925(a), and 925(e). The action under Sec. 205(a) is for an injunction; the action under Sec. 205(e) is for the recovery of treble damages.

■ We are of the opinion that these objections are without merit. We have several times heretofore held the Act to be constitutional. See United States v. Harris and Glick, D.C., 54 F.Supp. 563; United States v. Delfrate, D.C., 54 F.Supp. 565; Henderson v. Baldwin, D.C., 54 F.Supp. 438. We adhere to our decisions in these cases, and conclude the Act is constitution-

al, and the complaint in general states a good cause of action.

We are also of the opinion that the action should not be dismissed on account of the improper joinder of the two causes of action. We think they may be joined in the same complaint.

Under Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a plaintiff is authorized to join in one action as many claims, either legal or equitable, or both, as he may have against the opposing parties. Rule 21 provides that a misjoinder of parties is not ground for dismissal of an action, and that any claim against the party may be proceeded with separately.

The Act provides for a suit in the name of the Administrator to secure an injunction. In the case of a claim for treble damages, the Administrator may sue for the Use of the United States.

We are of the opinion that the plaintiff in this case should so amend his complaint as to show that the action is for recovery of treble damages for the use of the United States. If that amendment is made, the motion to dismiss will be denied.

As to defendant's motion for a bill of particulars, we are of the opinion that the complaint insufficiently sets out the claim for treble damages arising on the sale to the McKiernon-Terry Corporation; that the defendant is entitled to a bill of particulars showing the authorized price schedules for the castings involved; the prices at which defendant sold; the times at which such sales were made; and how the sum of $17,710.06 covering said castings is made up.

The same situation prevails in the second count of the complaint, and charges that the defendant received from the Hudson Motor Company the sum of $91,376.50 in excess of the maximum prices legally chargeable and receivable by it under the Revised Price Schedule of 1941. We are of the opinion that the defendant is entitled to a bill of particulars covering this count also.

It is urged on the argument of this case that this matter is entirely within the knowledge of the defendant. But we are of the opinion that duty rests on the plaintiff to charge in the complaint, matters that give rise to the action.

If the plaintiff will amend his statement of claim under Sec. 205(e) of the Act, noting that he brings suit for treble damages for, and in behalf of the United States, and will specify the particulars above noted, the defendant will be required to answer within twenty days after the amendment of the statement of claim and the filing of the bill of particulars herein specified. An order may be submitted accordingly.