## MAKAN AMUSEMENT CORPORATION v. TRENTON–NEW BRUNSWICK THEATRES CO. et al.

### Civil Action No. 3114.

District Court, D. New Jersey.

May 10, 1944.

Edward Jedel, of Newark, N.J. (Riker, Marsh & Shipman, of Newark, N.J., of counsel), for plaintiff.

Milton, McNulty & Augelli, of Jersey City, N.J., for defendants Trenton-New Brunswick Theatres Co., Trenton Theatre Building Co., Walter Reade, and R.K.O. Radio Pictures, Inc.

Arthur T. Vanderbilt, of Newark, N.J. for defendants Loew's Incorporated, Republic Pictures Corporation, Columbia Pictures Corporation, Big U Film Exchange, Inc., Paramount Pictures Inc., 20th Century-Fox Film Corporation, United Artists Corporation, and Vitagraph, Inc.

FORMAN, District Judge.

This action is based on alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A §§ 1, 2, and Section 4 of the Clayton Act, 15 U.S.C.A. § 15, known as the Anti-trust Statutes Plaintiff's complaint is framed in two counts and seeks to recover on each count threefold the damages it alleges it sustained, the costs of the action and a reasonable attorney's fee, as provided under the Clayton Act, supra.

Each of the defendants has moved separately to dismiss the complaint or, in the alternative, for an order requiring the plaintiff to furnish a more definite statement and a bill of particulars. Upon the argument of this motion defendants pressed as their sole objection to the complaint that it was vague and indefinite, in that it failed to state a cause of action against each of the defendants by not charging that each of them had violated the statutes in question. They urged that the use of the words "defendants or some of them", in particularizing the charge of the alleged violations in the complaint, made it impossible to determine whether one conspiracy, combination and monopolization or attempt thereat was charged, to which all defendants were alleged to be parties; whether only some of the defendants were parties to only certain of the alleged violations, and which of the defendants were responsible for the commission of the several acts. By reason of the use of this language they contended that the plaintiff failed to connect each defendant to the charges and therefore the complaint did not state a cause of action against every defendant named against whom relief is sought.

The plaintiff, through its counsel, agreed at the time of the argument to amend its complaint so as to exclude the words "or some of them" to meet the defendants' objections, and to further make it clear that only one conspiracy was charged and that each and every defendant was charged with the alleged offenses. Leave will be granted to amend the complaint by the exclusion of the words "or some of them" in the first line of paragraph 7 of the First Count and in the first line of paragraph 4 of the Second Count.

Many of the particulars sought by the defendants on their alternative motion are directed to the questions of whether the allegations purport to charge a single contract, combination or conspiracy or more than one of each, and whether the defendants are charged as parties to one or more of them. The amendment of the complaint will supply whatever information the defendants should have in this connection.

The remainder of the particulars sought by the defendants concerns the exact time and place of the alleged conspiracy, the agent or agents acting on behalf of the defendants, whether the agreement was oral or in writing, the particular acts committed by each of the defendants, the titles of the motion pictures plaintiff's theatre was prevented from exhibiting, the manner and means used to prevent such exhibition, the time and place when refusal to permit the plaintiff to exhibit the pictures was made, the admission prices of plaintiff's theatre, the time and place of the establishment of unreasonable clearance schedules and other similar and related matters.

The defendants contend that each of them is not informed as to which of the particular acts it committed, when and where such acts took place, and the means and methods used to accomplish the acts charged; that the wrongful acts of the defendants must have directly and affirmatively affected the plaintiff to entitle it to bring this action; that each defendant is entitled to be told specifically what it has done in violation of the law, and the exact time, place, date and manner in which the defendants did the acts charged.

Defendants base their right to compel plaintiff to particularize upon Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, about which much has been written. It would be futile to attempt to review the authorities and reconcile their opinions because each case must be decided upon its own facts and circumstances. Study of the cases on this subject, including the briefs

submitted on this motion, leads to the conclusion that certain settled principles of law have been applied in each case which compel determinations with regard to those particular pleadings and what appear to be conflicting cases are not conflicting in point of law but in point of fact. Particulars, when obtained by means of such motions, supplement the pleadings, and only those items which are properly a part of the pleadings should be allowed. Rule 8(e), 28 U.S.C.A. following section 723c, is intended to simplify pleadings and calls for "a short and plain statement" of the grounds, claim and demand for relief. However, it is always the duty of the pleader to sufficiently inform the adverse party of the charge against him in such a manner as to enable him to prepare a responsive pleading. The failure to so plead or the pleading of any uncertain or ambiguous matter which would confuse the adverse party as to the claim propounded, making it unjust or difficult for him to answer, gives rise to relief by way of a motion under Rule 12(e) supra. But the particulars sought under this rule must be limited to information necessary to enable the moving party to make responsive pleadings. The Federal Rules of Civil Procedure provide various means of securing other information, such as facts needed for trial, by way of interrogatories or discovery. See Battin Amusement Co. v. Cocalis Amusement Co., D.C., 1 F.R.D. 769, and citations referred to therein for good coverage on the subject.

In an action of this nature, it is important to consider that the conspiracy and combination are in most instances proven from circumstantial evidence. The usual facts are not at the disposal of the plaintiff for conspiracies and combinations are not apt to become common knowledge, making it extremely difficult for persons outside of the conspiracy or combination to obtain accurate details concerning it. These principles were recognized and applied to factual situations similar to those appearing in the instant case in the cases of Stewart-Warner Corporation v. Staley, D.C., 42 F.Supp. 140; United States v. Johns-Manville, D.C., 1 F.R.D. 548, and C. F. Simonin's Sons, Inc. v. American Can Co., D.C., 30 F.Supp. 901, cited by the plaintiff in its brief.

Among others, the defendants offer the case of United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229, 231 where, in an anti-trust action against various motion picture exhibitors and distributors charging violations of the Sherman Act, a motion for a bill of particulars was sustained in part. The law as laid down by the court in that case does not differ from that which has served as a basis for the determination of the motion in the case at bar. But, to repeat, the facts and circumstances surrounding the pleadings are different in each case and it is the application of the principles to the actual pleading itself that is determinative. The situations presented by cases of this character are too vast and complex for comparison. However, the Griffith case differs from the instant case in many respects. The complaint in that case embraces "the sale, distribution and exhibition of motion picture films in probably one hundred theatres scattered through Oklahoma, Texas and New Mexico;" it does not allege that all of the exhibitors entered into these agreements with all of the distributors; its allegations are "blanket allegations" covering "a wide territory, many theatres, many different films, and many exhibitors and distributors."[1] In the case at bar the action and injury complained of are directed towards the business and property of the plaintiff, to wit, the Park Theatre in Highland Park, New Jersey, which was operated by plaintiff between January 1, 1941 and April 11, 1943, and the facts and circumstances serving as a basis for the charge are sufficiently outlined in the complaint.

The claim presented by the plaintiff in the complaint as amended is sufficiently set forth therein in such a manner as to enable each of the defendants to prepare its responsive pleading thereto. The particulars sought by the defendants in this motion are not requisite for this purpose.

The motion to dismiss the complaint is denied and the order amending the complaint as aforesaid will be signed and filed. The motion of each of the defendants for a more definite statement or for a bill of particulars is also denied. Plaintiff to submit a separate order in the case of each movent.

Defendants shall have thirty days from the date of service of order contemplated herein in which to answer complaint as amended.

---

[1] Judge Vaught's opinion in United States v. Griffith Amusement Co., supra, 1 F.R.D. pages 231, 232.