**BOWLES, Price Adm'r, v. ANDERSON.**

**No. 429.**

District Court, W. D. Missouri, S. D.

Oct. 17, 1944.

Dick F. Bennett, Dist. Enforcement Atty., and Gibson Langsdale and S. V. Medling, Enforcement Attys., all of Kansas City, Mo., for plaintiff.

William L. Vandeventer, of Springfield, Mo., for defendant.

REEVES, District Judge.

It is charged in the complaint that, between January 1 and August 16, 1944, "on many and various occasions" the defendant "sold at wholesale to many customers cigarettes of leading and popular brands in excess of the maximum or ceiling prices fixed by such regulations and amendments thereto and that a check was made of such illegal activity engaged in by the defendant and overcharges from June 5, 1944 to July 28, 1944 amounting to the sum of $600.00 were shown to have been made."

Upon this averment the defendant asked for a detail as to the dates, the names of customers, the places where sold and the prices therefor, also the kind and brands of the cigarettes and the selling prices.

The object of a bill of particulars is to secure an amendment to the pleadings. However, as the judges have been saying, the office of the bill of particulars has become or is becoming obsolete. United States v. Hartmann, D.C., 2 F.R.D. 477. Bills of particulars are not favored. Klug v. Palmer et al., D.C., 2 F.R.D. 273. Moreover, the present Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are now in process of amendment. The original rule in relation to bills of particulars (being a part of paragraph (e) of rule 12) has been entirely stricken out. The reason for the

abandonment of the rule is that the identical information can be obtained more easily by interrogatories or any other of the discovery rules.

I am mindful of the decision of Judge Schoonmaker, of the Western District of Pennsylvania, in Bowles v. National Erie Corporation, D.C., 3 F.R.D. 469, where in an identical suit the administrator was required to file a bill of particulars.

Some time ago the courts construed out of the Rule the words "or to prepare for trial." And it would seem that the defendant would have no trouble in preparing his responsive pleading in this case. The averments of the complaint are clear enough to enable him to admit or deny the charge.

The motion for a bill of particulars should be overruled, and it will be so ordered.