**BOWLES, Adm'r, Office of Price Administration, v. OHSE et al.**

**Civil Action No. 286.**

District Court, D. Nebraska, Lincoln Division.

June 11, 1945.

Randal J. Elmer, Howard B. Redden, and Allen Wilson, all of Omaha, Neb., for plaintiff.

John C. Mullen, of Omaha, Neb., for defendants.

DELEHANT, District Judge.

In this action instituted under the provisions of 50 U.S.C.A.Appendix § 925(e), to recover treble damages arising out of the defendants' alleged sale, at prices in excess of those established under Revised Maximum Price Regulation 169, as amended and Revised Maximum Price Regulation 148, as amended, of beef and veal carcasses and wholesale cuts of beef and veal and dressed hog and pork cuts, and for injunctive relief, the defendants, before answer, have filed, under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion for more definite statement or bill of particulars in which they ask that the plaintiff be required, in connection with each item allegedly sold, to set out a description of the item, the name of the buyer, the date of sale, the price at which the sale was made and the maximum price at which it might licitly have been made under the applicable regulation.

After the averment of the jurisdictional facts, the nature of the defendants' business, and the commodities in which they deal, the complaint alleges in general terms that between April 21, 1944, and April 21, 1945, the defendants sold and delivered those commodities to purchasers and re-

ceived prices therefor in excess of the maximum prices established by the cited regulations, and that the aggregate amount of the overcharges thus exacted exceeded $26,000. It is towards those allegations that the Motion is directed.

■ Counsel for both parties recognize that in the application of Rule 12(e) the words, "or to prepare for trial," are to be very narrowly construed, and that, at this point in the instant case, the defendants' "preparation for trial" involves only the formulation and filing of their answer, responsive to the complaint. Quite appropriately, therefore, they have presented their arguments on the Motion upon the premise that it is to be sustained, if, but only if, the information demanded by it is reasonably necessary to enable the defendants understandingly to prepare their answer. That is the consequence of the presently settled construction of the rule. Mitchell v. Brown, D.C.Neb., 2 F.R.D. 325, 326, 327, and cases there cited upon the point; Bowles v. Schultz, D.C.N.H., 54 F. Supp. 708, 710; Bowles v. Karp, D.C.Ky., 3 F.R.D. 327, 328; Walling v. Black Diamond Coal Mining Company, D.C.Ky., 59 F.Supp. 348, 349, 350; Bowles v. Curtiss Candy Co., D.C.Mo., 55 F.Supp. 527, 529; Bowles v. Brookside Distilling Products Corporation, D.C.Pa., 4 F.R.D. 294; Montgomery Ward & Co. v. Schumacher, D.C. Cal., 3 F.R.D. 368, 370, and cases there cited; and Bowles v. Anderson, D.C.Mo., 4 F.R.D. 181, 182. The case last cited seems to be directly pertinent to the present issue.

The plaintiff's citation, in opposition to the motion, of a memorandum opinion of the present writer in Bowles v. Shirey, D. C., 60 F.Supp. 914, is quite ineffective. The cited opinion has been wholly disregarded in this ruling. There the court dealt only with a motion to dismiss based upon the asserted failure of the complaint to state a claim upon which relief could be granted. It need hardly be observed that a complaint might easily withstand a motion to dismiss, and yet be subject to a successful motion for more definite statement or for bill of particulars. Quite different considerations control the course of decision upon the two motions.

■ Tested, however, by the prevailing understanding of Rule 12(e), the plaintiff's complaint is invulnerable to the motion now made. With the resources necessarily in their possession, the defendants may readily prepare their answer. This is particularly true since they are legally chargeable with notice of the applicable regulations and their provisions; and, in the absence of any suggestion to the contrary, it will be assumed that they maintain and have adequate records of their business transactions during the period of time which is identified in the complaint. 50 U.S.C.A.Appendix, § 922(b), and regulations thereunder. The particulars they seek are, therefore, peculiarly within their own knowledge, and may not successfully be demanded by motion at the present time, Gum, Inc., v. Gumakers of America, D.C.Pa., 1 F.R.D. 586; Best Foods v. General Mills, D.C.Del., 3 F.R.D. 275, 278.

■ It must not be supposed that, in the court's opinion, the defendants will not at any time hereafter be entitled to receive from the plaintiff a formal and explicit statement of all, or at least a substantial portion, of the information for which they ask. To the extent that they may rightly require such material, the rules provide ample and orderly machinery for its timely quest, e. g., Rules 26, 33, 34 and 36, and also furnish the sanctions to make that machinery effective, Rule 37.

The motion is therefore being denied and overruled. Exception is allowed the defendants.