**BOWLES, Administrator, Office of Price Administration, for and on behalf of UNITED STATES, v. JACK.**

**SAME v. YURRICH.**

Civ. Nos. 781, 786.

District Court, D. Minnesota,
Third Division.

Oct. 23, 1945.

**2**

Amos J. Coffman, Regional Attorney, of Dallas, Tex., Harris J. Nuernberg, District Enforcement Attorney, and John Sturner, Enforcement Attorney, of Office of Price Administration, both of St. Paul, Minn., for plaintiff.

Burton R. Sawyer, of Northfield, Minn., for defendants.

DONOVAN, District Judge.

The complaints, in two counts, are identical in phraseology except as to dates of alleged violations. Motions by defendants in each case are the same. The complaint against Percy Jack is used to illustrate. The first count, requesting a restraining order, reads as follows:

"1. In the judgment of the Administrator of the Office of Price Administration, the defendant has engaged in acts and practices which constitute violations of Section 4(a) of the Emergency Price Control Act, 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq., as amended, hereinafter called the 'Act', in that the defendant has violated the General Maximum Price Regulation (7 F. R. 3153), as amended and supplemented, effective in accordance with the provisions of the Act. Therefore, pursuant to Section 205(a) of the Act, the Administrator brings this First Count of this action to enforce compliance with said regulation.

"2. Jurisdiction of this action is conferred upon this Court by Section 205(c) of the Act.

"3. At all times material hereto there has been in full force and effect, pursuant to the Act, General Maximum Price Regulation (7 F.R. 3153), as amended and supplemented, hereinafter called the 'Regulation', which among other things, establishes maximum prices for sales and supplies of services.

"4. At all times material hereto the defendant was and now is engaged in rendering, selling and supplying services, otherwise than as an employee, in connection with the distribution of commodities. That defendant is a resident of, and the violative acts hereinafter alleged occurred in, the District and Division above set out.

"5. That the service above referred to is more particularly described as transporting for hire milk and cream, and the pertinent dates, purchasers' identity, and overcharges made for such service are within the knowledge of defendant and can be ascertained from defendant's books and records.

"6. That at divers times since March 1, 1944, up to and including the date hereof, the defendant has rendered, sold and supplied services as hereinbefore set out to purchasers and has demanded and received therefor prices in excess of those established and permitted by said Regulation.

"7. That said defendant will continue to violate said Act and Regulation unless this Court issues a restraining order."

The second count, praying treble damages, reads as follows:

"1. Plaintiff, as Price Administrator of the Office of Price Administration, brings this Second Count of this action for treble damages for and on behalf of the United States under Section 205(e) of the Emergency Price Control Act of 1942, as amended, hereinafter called the 'Act'.

"2. Paragraphs 2, 3, 4, and 5 of Count One of this Complaint are incorporated and realleged herein by reference, as fully and effectively as if set out herein.

"3. That at divers times since May 1, 1944, up to and including the date hereof, the defendant has rendered, sold and supplied services as hereinbefore set out to purchasers and has demanded and received therefor prices in excess of those established and permitted by said Regulation. Said purchasers did not purchase said services for use or consumption other than in the course of trade or business."

It will thus be seen that the complaint in each case charges violations of the "Regulation" in general language, and defendants' motion in each case is that plaintiff "make his complaint more certain and definite and * * * set out the time, place and circumstances of each alleged violation of the law which plaintiff claims that defendant has violated".

1. The motions come under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The matters here considered arise out of allegations common to actions commenced by the Office of Price Administration, reading in

general language without specification. They may be considered standard. See Bowles, Adm'r v. Jacobson et al., D. C., 4 F.R.D. 447.

2. Rule 12(e) necessarily calls for construction that opposes pleading evidence, and the words "or to prepare for trial" pertain only to the composition, service and filing of an answer to the complaint. Bowles, Adm'r v. Ohse et al., D.C., 4 F.R.D. 403.

3. Not unmindful of the reasonableness of defendants' demand for information of a more definite character than that afforded in the complaint, the Court is nevertheless persuaded that the Rules provide a compass for counsel in lieu of dilatory motions, denial of which may well invoke bestowal of reward beyond that here moved for. Id.

4. Defendants are charged with knowledge of the applicable provisions of the "Regulation" here pertinent. In the absence of any suggestion that defendants are without adequate and customary records of such business transactions as here involved, it will be assumed they are in possession of knowledge sufficient for purposes of answering.

The motion is denied.

Counsel may submit an appropriate order.