### KLAGES v. COHEN et al.

### In re FAIRBANK REALTY CORPORATION.

Civ. No. 3295.

District Court, E. D. New York.

Oct. 30, 1945.

Charles H. Ellner, of Jamaica, N. Y., for plaintiff.

Lewis, Marks & Kanter, of Brooklyn, N. Y., for defendants Jacob Cohen, Samuel Rottenberg, Bernard Semel, Ignatz Rottenberg and Max Schwartz.

Underhill & Rubinger, of New York City, for defendant Maurice Rubinger.

Sidney Squire, of Brooklyn, N. Y. (Lloyd B. Kanter and Julius L. Rassner, both of Brooklyn, N. Y., and Maurice Rubinger, of New York City, of counsel), for defendant Harry Fusfeld.

MOSCOWITZ, District Judge.

The defendants have made a motion pursuant to Rule 12 (f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, striking from the first amended complaint certain allegations upon the ground that they purport to present claims based upon a violation of Section 59 of the Stock Corporation Law of the State of New York and striking out other paragraphs on the ground that the allegations thereof are redundant, immaterial and impertinent, dismissing the second cause of action as to the defendants Maurice Rubinger and Ignatz Rottenberg upon the ground that it fails to state a claim against them upon which relief can be granted, and dismissing the third cause of action on the same ground. The motion seeks a more definite statement or, in the alternative, a bill of particulars.

The first amended complaint consists of twenty-four typewritten pages. It is entirely too long and the claim could have been set forth in a few pages. In preparing the case evidently the attorney had in mind the practice in the state court. The Federal Rules of Civil Procedure have sought to eliminate all unnecessary allegations. The Circuit Court of Appeals of this Circuit in Dioguardi v. Durning, 139 F.2d 774, 775, construing rule 8(a) decided: "Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c; and the motion for dismissal under Rule 12 (b) is for failure to state 'a claim upon which relief can be granted.' "

It is therefore the rule in this circuit that the pleading is not required to state facts sufficient to constitute a cause of action.

All that is required is "that there be a short and plain statement of the claim showing that the pleader is entitled to relief."

The plaintiff is not seeking relief under Section 59 of the Stock Corporation Law of the State of New York but under the New York General Corporation Law, Sections 60 and 61. The complaint states a claim showing that the pleader is entitled to relief under the Corporation Law of the State of New York; that is sufficient.

The motion for a more definite statement or for a bill of particulars is governed by Rule 12(e) of the Federal Rules of Civil Procedure. The defendants should be able to answer without a more definite statement or a bill of particulars. The defendants' counsel argue that the plaintiff is seeking to recover, among other reasons, under the New York Stock Corporation Law, Section 59. Plaintiff takes the position that it is not seeking to recover under the Stock Corporation Law.

The proper place to narrow the issues after they are joined is at a pre-trial conference as is provided in Rule 16 of the Federal Rules of Civil Procedure. The defendants' motion is denied. The plaintiff's motion to strike out from the defendants' motion (which has been denied in this opinion) certain specifications of relief sought is dismissed; that is not the proper remedy under the federal rules.

Settle order on notice.