BOWLES, Price Administrator,
v. MAURER.

Civil Action No. 23401.

District Court, N. D. Ohio, E. D.
Nov. 20, 1945.

See also 68 F.Supp. 123.

Walter J. Heddesheimer, of Cleveland, Ohio, for plaintiff.

C. A. Fisher, of New Philadelphia, Ohio, for defendant.

JONES, District Judge.

Defendant is charged with violation of Maximum Price Regulation No. 574 (10 F.R.1270), as amended; the complaint alleges that:

"5. During the periods from Feb. 1, 1945 to Feb. 28, 1945, April 2, 1945 to April 28, 1945, June 4, 1945 to June 30, 1945 and July 2, 1945 to July 31, 1945, inclusive which represents defendant's customary accounting periods, defendant paid for live cattle slaughtered, amounts higher than the maximum amounts fixed by the Regulation for such live cattle slaughtered during such period."

The defendant has moved for a more definite statement or a bill of particulars "stating the maximum prices defendant was

permitted to pay by M.P.R. 574 'for the cattle purchased by him as alleged in paragraph 5 of the complaint, and how said prices are determined on the date of purchase." In support of his motion, defendant says:

"According to M.P.R. 574, Table I fixes $18.30 per cwt. as being the overriding ceiling price in Zone 15 in which defendant resides; Table II, Page 9, fixes the maximum permissible price according to chilled carcass yield; and Table II, on Page 10, fixes the maximum permissible price according to grade. These prices vary considerably, depending upon which method is permissible in determining the maximum permissible prices. Furthermore, it appears that whichever method is used, the maximum price permitted by the slaughter is determined from these rules *after* the beef is purchased and slaughtered."

It is apparent that defendant may have difficulty in preparing his answer under such circumstances. In Bowles v. National Erie Corporation, D.C.Pa., 1944, 3 F.R.D. 469, it was held that a defendant charged with violation of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., was entitled to a bill of particulars showing authorized price schedules, prices at which defendant sold, times of sales and how sums allegedly received in excess of maximum prices were made up.

Accordingly the motion will be granted.