**BOWLES, Price Administrator, v. SIGEL.**
**Civil Action No. 619.**

District Court, D. Minnesota,
Fifth Division.
March 7, 1946.

Harris J. Nuernberg and Bessie Levine, Attys., Office of Price Administration, both of St. Paul, Minn., for plaintiff.

W. O. Bissonett, of Duluth, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff commenced action for treble damages and an injunction under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 925(e). The complaint is of the customary type used in this sort of proceeding. Defendant's motion to make the complaint more definite and certain is directed at paragraphs 6, 7, 8 and 9, which are summarized as follows:

Paragraph 6 alleges defendant's failure to post selling prices prior to November 20, 1945;

Parargraph 7 alleges defendant offered for sale and sold commodities in excess of maximum prices;

Paragraph 8 alleges the sales complained of were made more than 30 days prior to the commencement of this action, and that buyers and consumers have taken no action against defendant;

Paragraph 9 alleges the sales and amounts charged by defendant exceeded maximum prices and that plaintiff has no knowledge of the number of such sales and precise amount of the excessive charges.

The motion must be denied.

The Court has considered Bowles v. Schultz, et al., D.C., 54 F.Supp. 708, and Bowles v. National Erie Corporation, D. C., 3 F.R.D. 469, cited in defendant's brief.

Suffice it to say that the information sought is in the possession of defendant, who is legally charged with notice of the Act and the regulations thereunder which are here applicable. Bowles v. Ohse, et al., D.C., 4 F.R.D. 403.

The complaint gives defendant fair notice of the nature and basis of the matters complained of so as to permit answering. Best Foods, Inc., et al. v. General Mills, Inc., D.C., 3 F.R.D. 275; Makan Amusement Corporation v. Trenton-New Brunswick Theatres Co. et al., D.C., 3 F.R.D. 429; Sun Valley Mfg. Co. v. Mylish et al., D.C., 4 F.R.D. 170; Raudenbush v. Baltimore & O. R. Co., D.C., 4 F.R.D. 171; Bowles v. Anderson, D.C., 4 F.R.D. 181; Klages v. Cohen, D.C., 5 F.R.D. 32.

The point here made by defendant is in principle the same as that presented in Bowles v. Jack, D.C., 5 F.R.D. 1, where a similar complaint was held sufficiently definite and certain to permit defendant to meet the issues raised therein.

If defendant's books, records and similar sources of knowledge do not disclose the information required in preparation for trial, such necessary data can be obtained under and pursuant to appropriate Federal Rules of Civil Procedure.