## BRADEN v. CALLAWAY.
### No. 514.

District Court, E. D. Tennessee, S. D.

May 11, 1943.

S. H. Ford and R. W. Kemmer, both of Chattanooga, Tenn., for plaintiff.

James H. Anderson, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The defendant has filed a motion for a more definite statement or for a bill of particulars under authority of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The case has been removed from a state court. The initial pleading was filed in the state court and makes claim for damages for personal injuries as a result of one of the defendant's trains striking the plaintiff. The negligence alleged is, (1) breach of common law duty, (2) and (3) violations of state statutes, and (4) the violation of a municipal ordinance.

In determining a motion under Rule 12(e), there must be due consideration for Rule 8(a)(2), Rules 26–37, and Rule 16.

It is quite obvious that the beneficial and progressive method of pleading provided by Rule 8(a)(2) wherein a claim for relief must be a short and plain statement would be entirely defeated by a liberal construction of Rule 12(e). Also, there would be an unsatisfactory overlapping of the generous provisions for discoveries as provided in Rules 26–37. In addition, some of the arrangements for pre-trial procedure under Rule 16 would be defeated. This situation has led most courts to conclude that the definiteness required is only such as will be sufficient for the party to prepare responsive pleadings. That the words "to prepare for trial" are comprehended in the immediately preceding words, "to prepare his responsive pleadings."

The courts have almost reached the point where it is announced that a bill of particulars will not be required if the affirmative pleading makes out a case. There has been some suggestion that Rule 12(e) might be eliminated from the rules and the same results obtained by a motion to dismiss for insufficiency. If it should appear that a pleading is insufficient, on proper motion the case would be dismissed, or an amendment be allowed to make out a case. Thus information would be disclosed as would permit intelligent responsive pleadings.

Be this as it may, I am fully convinced that there is an important tie-up between Rule 12(e) and Rule 8(a)(2), Rules 26–37 and Rule 16, and that no bill of particulars should be required where the motion seeks evidence rather than ultimate facts. All details of evidence should be ascertained by discovery.

With these ideas in mind, I will undertake to determine the motion in the order of its numbered sections, first quoting each section and follow with the ruling thereon:

"1. The meager and evasive statement in connection with plaintiff's alleged injury in that he fails to show that he was assaulted and injured by some one at the time or about the time it is alleged he was struck by one of defendant's trains."

The foregoing seems to be a request for the plaintiff to make some allegation relative to his injury having occurred, in part at least, in some manner other than as charged in the declaration. This is plainly a matter of defensive evidence. The defendant may take steps by discovery to secure this information if he cannot otherwise obtain it.

"2. It is not alleged whether the train which plaintiff says struck him was a locomotive, a passenger train, a freight train or a train engaged in a switching operation."

The declaration does say that the plaintiff was struck by a train and locomotive but does not say whether it was a passenger train, a freight train, or a train engaged in a switching operation. From the standpoint of pleading, at least, it is immaterial whether it was a passenger or freight train. The claim that the plaintiff's damages resulted from injury caused by violation of a state statute is, in effect, a charge that the train was not engaged in a switching operation. There seems to be nothing here requiring a more definite statement.

"3. It is not alleged whether the train alleged to have struck the plaintiff was approaching a city or town or whether the train was leaving a city or town."

The defendant must have overlooked that the declaration does charge that the train, which is alleged to have struck plaintiff, was moving "northwardly across 48th Street," and that plaintiff was on said track between 47th and 48th Street in the City of Chattanooga. This is sufficient to show that the train was approaching the station, the topography being a matter of common knowledge.

"4. On account of defendant 'having many locomotives and trains leading into and out of Chattanooga to Georgia and other states' as alleged in plaintiff's declaration and the meager statement of plaintiff's alleged cause of action it is necessary for plaintiff to make his complaint more specific to enable defendant to prepare his defense and to prepare for trial."

The foregoing fails to meet the requirements of Rule 12(e) wherein it is provided, "The motion shall point out the defects complained of and the details desired."

It results that the motion will be overruled.

Order accordingly.