**BOWLES, Administrator, Office of Price Administration, v. SCHULTZ et al.**

**Civ. No. 305.**

District Court, D. New Hampshire.

March 17, 1944.

Charles B. McLaughlin, of Concord, N. H., for Administrator of OPA.

Joseph Kruger, of Boston, Mass., and Sewall, Varney & Hartnett, of Portsmouth, N. H., for defendants.

MORRIS, District Judge.

This action is brought by the Administrator of the Office of Price Administration under the provisions of Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 901 et seq., to recover treble damages for alleged violations of the Act.

The complaint alleges that from and including February 1, 1943, more than six months after the date of approval and enactment of the Act, to and including April 3, 1943, the defendants, dealers in processed beef, veal and pork, doing business in the City of Portsmouth, County of Rockingham, State of New Hampshire, sold and delivered approximately 79 separate lots of processed beef, or veal, or pork to various purchasers; that the defendants demanded and received a price or consideration for the sale in excess of the maximum price established therefor by the Act.

The complaint sets forth by reference the price regulations and amendments thereto which it is claimed the defendants violated. Judgment is demanded in the sum of $19,025.25.

On January 14, 1944, the defendants filed a motion to dismiss the complaint for failure to state a claim and for a more definite statement or bill of particulars. The case came on for hearing February 24, 1944, and briefs have been furnished by counsel.

Defendants argue that they are entitled to a specific description as to each of the 79 separate lots of processed beef alleged to have been sold by them; under which of the four regulations set forth in the complaint each cause of action arises; under which section and the specific date of each sale; to whom each item was sold

and the place where each item was sold; the specific items comprising each lot; stating the specific cut and the weight, quantity, grade and quality; the maximum price permitted for each item; and the amount by which each item exceeded the maximum price.

The defendants complain that the above matters as set out in the complaint are not averred with sufficient definiteness to enable them to properly prepare their answer.

Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "Each averment of a pleading shall be simple, concise, and direct." This, however, does not signify that sufficiency should be sacrificed for brevity. It has been held that a motion for more definite statement, as authorized by civil procedure rules, is properly presented only where complaint is so vague or contains such broad generalizations that defendant cannot frame an answer thereto or understand nature and extent of charges, so as generally to prepare for trial, in view of other rules under which defendants can obtain information.

Applying this test to the complaint it certainly is brief and sets forth a cause of action. If I had any inclination to grant the defendants' motion to dismiss in accordance with defendants' argument that the allegations in the petition are not sufficiently definite to permit a computation (in case of default) I could not do so without giving the plaintiff an opportunity to reframe his complaint. Defendants' motion to dismiss is therefore denied.

Defendants' motion for bill of particulars is not so easily disposed of. In the first place this motion should not be confused with cases wherein injunctions are sought based upon a course of conduct in violation of regulations.

Such cases do not require the same particularity in the pleadings that is required in the instant case wherein a money judgment is sought.

The granting of a bill of particulars is a matter within the sound discretion of the court but in exercising its discretion the court should not overlook general principles. Conclusions of law cannot be substituted for statements of facts forming the basis of the cause of action. It is not my purpose to point out in detail the facts necessary to be alleged to fairly sustain a complaint in a case like the present. That is the duty of counsel.

It is fairly certain that the complaint should contain definite dates within which the violations are alleged to have been committed. The dates set forth in the complaint are from February 1, 1943, to April 3, 1943. If during this period different regulations were in force they should be set out in detail. Four regulations are referred to and the defendants are entitled to know under which one of these four the cause of action arises.

The defendants are also entitled to know what kind of meat was sold and the maximum price permitted by the regulations.

The amount and prices obtained are facts within the possession of the defendants and may be obtained from their books and records. From such information, in the possession of the defendants, they can deny or admit violations within the period mentioned.

To attempt to set forth the exact amount of each sale, the price obtained, and the name of the purchaser, are matters of evidence and would make the complaint so prolix as to be beyond the pale of good pleadings.

Matters of evidence which a party will presumably introduce in establishing his case should not be required by a motion for a bill of particulars.

Applying general principles to the pleadings in this case and giving a fair interpretation to Rule 8 of the Rules of Civil Procedure, I am constrained to exercise my discretion and grant the defendants' motion to the extent herein indicated.

It is so ordered.

The plaintiff may have ten days in which to amend its complaint.