WALLING, Adm'r of Wage and Hour Division, U. S. Department of Labor, v. AMERICAN S. S. CO.

Civil Action No. 2084.

District Court, W. D. New York.

April 13, 1945.

Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., Irving Rozen, Regional Atty., James V. Altieri, Sr. Atty., and Samuel Gorin, Asst. Atty., all of New York City, for plaintiff.

Richards & Coffey, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Action has been brought by the Administrator of the Wage and Hour Division of the United States Department of Labor to restrain alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The complaint has been served, and defendant now moves for a more definite statement and for a bill of particulars with respect to certain allegations of the complaint.

The complaint alleges, in part, that defendant is engaged during the period from about April 1st to December 1st of each year in the operation and control of vessels transporting freight in interstate commerce between the ports of the Great Lakes. The complaint terms this the "operational season". During the rest of the year between December and April the complaint alleges that the vessels are laid up and not used to transport merchandise. The complaint terms this the "non-operational season". The complaint alleges that during the "non-operational season" defendant employs a number of employees who were and are engaged in "maintaining, overhauling, repairing, handling, working on, refitting and safe-guarding" its vessels, equipment and parts thereof.

█ (1) Defendant objects to plaintiff's terminology, stating that it is well known that after the close of navigation of the Lakes men are usually employed in the "laying up" and "fitting out" as "ship keepers" and as "shifting crews", and seeks a more definite statement which would, amongst other things, refer to the em-

ployees under the terms it proposes. It does not seem to the court that plaintiff's terminology is so misleading that it should be required to use the terms suggested by defendant. While not using what defendant terms the "nomenclature used on and applicable to the Great Lakes", it appears that plaintiff has taken pains to make an all-inclusive list of employees in the complaint, and it appears broad enough so that defendant is not prejudiced in preparing its responsive pleading and preparing for trial.

What is said with reference to the "nomenclature used on and applicable to the Great Lakes" is to be said as to the same references in the other paragraphs of the complaint with which this motion is concerned.

■■ (2) The defendant asks that the plaintiff make a more definite statement of its claim as to "how and in what manner" the employees of defendant are engaged in interstate commerce or in the production of goods for commerce. We are concerned only with the question of whether the complaint is sufficiently definite to enable the defendant "to prepare his responsive pleading or prepare for trial". It seems to me that the plaintiff has clearly met the provisions of the Rule. It is alleged that during the non-operating season and the use of defendant's vessels in interstate commerce a number of defendant's employees were "engaged in maintaining, overhauling, repairing, handling, working on, refitting and safe-guarding the said vessel" and that "in performing the aforementioned duties during the said non-operational season, the aforementioned employees are engaged in interstate commerce", etc. The foregoing stated excerpts of the complaint are to be read in connection with other allegations of the complaint. While there is found some duplication of the words describing the work, nevertheless, as it seems to me, Paragraph "V" is a clear and precise statement which requires no clarification.

■ (3) The defendant asks for a more definite statement as to the particular work and the "particular employees or classes of employees" with respect to which it is claimed the defendant has violated and is violating the Act referred to in the complaint. The particular work is described as hereinbefore stated. The paragraph in question states that the defendant has vio-

lated Sections 7 and 15(a) (2) of the Act by employing men in interstate commerce for longer periods of time than permitted by law without compensating them for overtime. It is to be borne in mind that the complaint refers to men working on vessels of the defendant in doing the types of work stated in the complaint and to which reference has hereinbefore been made. The complaint states the years of alleged violations and hours exceeded without additional compensation. Without repeating what has hereinbefore been said with reference to the last-above mentioned motion, it seems to me that this allegation of the complaint is sufficiently definite.

■ (4) The defendant asks that the plaintiff make a more definite statement as to the "particular work and the particular employees or classes of employees with respect to which it is claimed the records of the defendant do not adequately show the matters referred to in the said paragraph" (IX). The complaint does state generally the respects in which these records are inadequate. It seems to me, however, that the defendant is entitled to a more definite statement in the above respects in order that it may prepare its responsive pleading or prepare for trial. The defendant, we assume, has its records, and such possession may be urged as a reason why this request should not be granted, but the defendant may not be able to determine what underpayments are claimed. It is quite true that after issue has been joined the defendant has means to obtain this information, but, of course, that cannot suffice if the information is necessary in order to plead. More definiteness can be shown by stating the excess hours during each of the months in question and the number of employees.

■ (5) The defendant, also, moves for a bill of particulars as to the "particular work performed and particular classes of employees employed with respect in such to which it is claimed" there were violations of the Act, during the three years in question. It is not believed that the motion in these respects should be granted, and specially so in view of the granting of the motion with respect to No. 4 above. The bill of particulars in these respects is more properly sought after issue joined.

(6) Finally, the defendant asks that the plaintiff be required to give the "particulars

358

of the alleged violations upon which plaintiff rests his claim". The answer is found in the plain language of the complaint, and further comment is unnecessary.

It would be impossible to harmonize any decision with all the decisions under the Rule. There is no harmony, and this is so even though the facts in different cases may be fairly comparable. A stricter construction than heretofore is being generally applied by the courts, and this is due to experience gained through the innumerable applications made to the courts under the rule.

There have been so many decisions and so much written concerning the application of Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that any statement here of the purpose and intent of the Rule seems superfluous. Suffice it for me to say that it has long seemed to me that the adoption of the Rule was ill advised. It has led to confusion, duplication and delay. I believe this criticism is quite general now and already a proposal to eliminate the demand for a bill of particulars, prior to the joinder of issue, is being urged.

The plaintiff after the entry of an order hereon may have twenty days in which to meet the direction of this decision.