## TEVINGTON v. INTERNATIONAL MILLING CO. et al.
### Civil Action No. 1889.

District Court, W. D. New York

Sept. 7, 1945.

See, also, D.C., 62 F.Supp. 462.

William J. Brock, of Buffalo, N. Y., for plaintiff.

Adams, Smith, Brown & Starrett, of Buffalo, N. Y. (Edmund S. Brown, of Buffalo, N. Y., of counsel), for defendant International Milling Co.

KNIGHT, District Judge.

Plaintiff moves under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to require the defendant International Milling Company to furnish a bill of particulars of its affirmative defenses, to wit: contributory negligence and negligence on the part of fellow servants.

■■ The plaintiff mistakes his remedy. Section 12(e), supra, has doubtless been considered in more cases than has any other section of the Federal Rules of Civil Procedure. While earlier there were many divergent views as to the application of this section, the views of late have become more harmonious. It is believed that the concensus of the opinions of the courts now is that the two purposes stated in Rule 12(e) are to be read together. In other words, both are to be construed as relating to the purpose of enabling one to plead. As was said in Braden v. Callaway, D.C., 4 F.R.D. 147, 148: "That the words 'to prepare for trial' are comprehended in the immediately preceding words, 'to prepare his responsive pleadings.'" "This rule may only be invoked when the pleading is so vague or uncertain that the defendant cannot adequately prepare responsive pleadings." Walling v. Black Diamond Coal Mining Co., D.C., 59 F.Supp. 348, 350. Vide also: Raudenbush v. Baltimore & O. R. Co., D.C., 4 F.R.D. 171; Walling v. American S. S. Co., D.C., 4 F.R.D. 355 (opinion by this Court); Parker v. Transcontinental & Western Air, Inc., D.C., 4 F.R.D. 325 .

The allegations in question meet the requirements of Rule 8(a) of the Rules of Civil Procedure. Complaint and Answer have been served and no Reply is required.

Concluding, the Court may well quote from the expression of the Advisory Committee of the Rules of Civil Procedure relative to an amendment to 12(e), that is: "Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar. * * * The tendency of some courts freely to grant extended bills of particulars has served to neutralize any helpful benefits derived from Rule 8, and has overlooked the intended use of the rules on depositions and discovery. The words 'or to prepare for trial'—eliminated by the proposed amendment—have sometimes been seized upon as grounds for compulsory statement in the opposing pleading of all the details which the movant would have to meet at the trial." The proposed change in 12(e) reads: "Before responding to a pleading, a party may move for a more definite statement of any matter

508

where the pleading is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading." Enough has been said.

The motion in all respects must be denied.