**PORTER, Price Administrator, v.
REYNOLDS.**

Civil Action No. 2731.

District Court, N. D. New York.
March 17, 1947.

John E. McCracken, Sp. Trial Atty. Office of Temporary Controls, of New York City, for plaintiff.

DeGraff and Foy of Albany, N. Y., for defendant.

KAMPF, District Judge.

This action is brought by the Administrator of the Office of Price Administration under the provisions of the Emergency Price Control Act of 1942, as amended and extended, 56 Stat. 23, 765, 57 Stat. 566, Public Law 383, 78th Congress, Public Law 108, 79th Congress, Public Law 548, 79th Congress, 50 U.S.C.A.Appendix, § 901 et seq.; Executive Order 9250, 50 U.S.C.A.Appendix, § 901 note, 7 F.R. 7871 and Executive Order 9328, 50 U.S.C.A.Appendix, & 901 note, 8 F.R. 4681.

The complaint alleges that on and after July 17, 1944, there had been and remains in effect, 3d Revised Maximum Price Regulation No. 219, establishing maximum prices for the purchase, sale or delivery of Northeastern softwood lumber, which regulation further provided: "That no person shall sell or buy for direct-mill shipment,

or deliver or receive on direct-mill shipment any such lumber at prices higher than the ceiling prices fixed thereby." The complaint further alleges that the defendant, during the one year period immediately preceding the date of its filing (October 2, 1946), sold or delivered lumber subject to the provisions of said 3d Revised Maximum Price Regulation No. 219 to various purchasers thereof, in excess of the maximum prices therein established and in violation thereof, and that the excess over and above the applicable maximum prices provided by said regulation was not presently known to the plaintiff, but upon information and belief, was not less than one hundred fifty-two thousand sixty-three dollars and ninety cents ($152,063.90).

The prayer for relief in the complaint sought treble damages aggregating the sum of four hundred fifty-six thousand one hundred ninety-one dollars and seventy cents ($456,191.70), together with a preliminary and final injunction directed to the defendant, restraining him from selling or delivering, or offering to sell or deliver lumber at prices higher than the maximum prices established by the provisions of such regulation, and restraining him from doing or omitting to do, or attempting or agreeing to do anything in violation of said amended regulation.

The defendant has filed a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to require the plaintiff (a) To make his complaint more definite and certain, (b) To furnish a verified bill of particulars as to the items set up in the moving papers.

This case is companion to five others in which the same motion has been made (Porter v. Craig Garvey; Porter v. Gaston Desantels; Porter v. Earl Phinney; Porter v. Grant Reese; Porter v. Chas. L. Green), and by stipulation of counsel, any ruling made in this case disposing of defendant's motion is to be deemed binding and conclusive as to the motions pending in the companion cases.

By the same stipulation, Philip E. Fleming has been substituted as party plaintiff in place of Paul A. Porter, Price Administrator, Office of Price Administration.

Upon the argument, plaintiff elected to withdraw his demand for an injunction, leaving the action as one for money damages only.

The rule under which this motion is filed, reads in part as follows:

"(e) Motion for more definite statement or for bill of particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired. * * *"

Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following Section 723c.

The affidavit of George W. Foy, annexed to the notice of motion, states:

"4. In order to be properly apprised of the nature and extent of the alleged violations and in order to properly prepare a responsive pleading to this complaint, it is essential that the defendant be advised as to the precise transactions which plaintiff contends constituted a violation of the maximum ceiling prices, the amount of said alleged overcharges, and the names of the parties to whom the alleged sales and deliveries were made, as well as the date and place of such sales and deliveries."

The alleged failure of the complaint to apprise the defendant of the foregoing details is made the subject of the motion, both to make the complaint more definite and certain (for a more definite statement), and for a bill of particulars.

Insofar as these alleged deficiencies of the complaint justify an order directing that the complaint contain a more definite statement of such matters, this court feels the motion is without merit. The complaint meets the requirements of Rule 8(e), Federal Rules of Civil Procedure, which rule requires only that a pleading "shall be simple, concise, and direct." See Rule 8(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c. Bowles v. Brookside Distilling Products Corp., D.C., 4 F.R.D. 294.

The motion papers also make claim that the information sought is essential in order that the defendant be enabled properly to prepare his responsive pleading, as well as to enable him to prepare for trial and prevent surprise at the trial. As to details necessary for preparation for trial the courts have said:

"Rule 12(e) necessarily calls for construction that opposes pleading evidence, and the words 'or prepare for trial' pertain only to the composition, service and filing of an answer to the complaint. Bowles v. Ohse et al., D.C., 4 F.R.D. 403." Bowles v. Jack, D.C., 5 F.R.D. 1, 3.

No answer has been served in this case. It is not on trial nor is a trial of the facts imminent. It is, therefore, obvious that the defendant is not in danger of surprise on the trial, and under Rules 26–36, Federal Rules of Civil Procedure, he may fully exhaust all sources of information in the hands of the plaintiff prior to trial.

"Where the moving party seeks information to enable him to prepare for trial the proper practice is to proceed by discovery after joinder of issue under Rules 26 and 33." Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C., 30 F.Supp. 389, 391, affirmed on opinion below, 2 Cir., 113 F.2d 114; Moog v. Warner Bros. Pictures Inc., D.C., 29 F.Supp. 479.

The only ground upon which courts seem to have granted motions for bills of particulars under Rule 12(e), are in those rare cases where the pleadings are so indefinite and vague as to make it reasonably impossible to prepare a responsive pleading. Tevington v. International Milling Co., et al., D.C., 4 F.R.D. 507, and cases there cited.

The granting of a bill of particulars is within the sound discretion of the court, but in exercising that discretion, the court should not act arbitrarily, nor should it overlook general principles of procedure and trial practice. Bowles v. Schultz, D.C., 54 F.Supp. 708.

While it is true that the complaint measured by the strictest rules of construction, might be deemed exceedingly vague and general, nevertheless, it is a good pleading under the rules. While its allegations are general, this court feels that they are direct and specific enough to enable an answer to be interposed.

It will also be noted that the details covering which a bill of particulars is sought include a list of the precise transactions, the amount of each overcharge, the names of the parties to whom sales were made, with the exact date and place of each sale. All of these items are facts which must be proven by plaintiff on the trial, but he is under no present necessity to plead them specifically. At the same time, these details are facts within the knowledge of the defendant, or readily ascertainable by reference to his own books and records. In other words, the details sought are matters of evidence only, and not the proper subject for a bill of particulars.

"To attempt to set forth the exact amount of each sale, the price obtained, and the name of the purchaser, are matters of evidence and would make the complaint so prolix as to be beyond the pale of good pleading. Matters of evidence which a party will presumably introduce in establishing his case should not be required * * *". Bowles v. Schultz, D. C., 54 F.Supp. 708, 710.

The defendant's motion is denied.