## UNITED STATES v. KOCH BROS. BAG CO., Inc. et al.

### No. 7592.

United States District Court
W. D. Missouri, W. D.
Feb. 2, 1953.

Sam M. Wear, U. S. Atty., and George H. Charno, Sp. Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Arnold N. Shanberg, Kansas City, Mo., for defendants.

RIDGE, District Judge.

This is an action for treble damages and injunctive relief under the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2061 et seq., based on alleged violations of Maximum Price Regulations. For convenience sake, the court shall discuss separately the two motions presented for its instant consideration.

### (1)

Defendant Sam I. Koch, President of the defendant corporation, has separately moved that plaintiff's complaint be dismissed as to him, for failure to state a claim upon which relief can be granted. The motion is based on the two following specific grounds:

(1) Defendant Sam I. Koch, as President of the defendant corporation, is not individually a seller within the meaning of Sec. 409(c) of the Defense Production Act, and therefore is not a proper party defendant subject to liability in this treble damage action;

(2) Due to the suspension of price regulations on the commodities here in question, injunctive relief cannot properly be granted.

■ That defendant Sam I. Koch, individually, was not a "seller", subject to damages in the nature herein sought, seems to be consonant with the weight of authority. In construing the language of Sec. 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e), identical in its salient points to Sec. 409(c) of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2109(c), it was held in Bowles v. Cardinal Cutlery Corp., D.C. N.Y.1946, 69 F.Supp. 435, loc. cit. 437:

"If the corporation was the 'seller', then the officers of the corporation are not the sellers and cannot be held in money damages. Section 205(e) uses the terms 'seller', 'buyer' and 'purchaser'. The buyer is the purchaser. The seller has the commodities that are purchased and parts with them for the purchase price. The salesman is not the seller, he is an employee of the seller. An officer of the corporation is not the seller, even though he may fix an illegal price and personally negotiates the sale. The acts of the salesman or the officer may constitute a violation of the Price Regulation, for which he may be prosecuted under § 205(b), or enjoined under § 205(a). He is punished or enjoined because he is a violator. But because he is not the 'seller' he is not liable in money damages under § 205(e)."

Although there has been earlier authority to the contrary, e. g., Bowles v. Yankee Brewing Co., D.C.Pa.1945, 62 F.Supp. 588, the Cardinal Cutlery Corp. case, supra, appears representative of the general outlook on the damage liability of corporate officers and representatives in actions of this kind. In this regard, also see Porter v. Schaefer, D.C.Cal.1946, 69 F.Supp. 1013; Cochran v. Nelson, 1946, 26 Wash.2d 82, 173 P.2d 769; Elmers v. Shapiro, 1949, 91 Cal.App.2d 741, 205 P.2d 1052. The cases give consideration to the legal significance of the word "seller", no doubt with the realization that under circumstances as here considered it should not be distorted into a cyclonic whirlpool of liability. As we have indicated, if a sale is made in the name of a corporation, then it, and it alone, is the legal seller, regardless of the human element present to direct the course of negotiation. Plaintiff, in its suggestions in opposition to the motion to dismiss, admits that a sales person, or clerk, in a mercantile establishment is not to be held liable for treble damages under Sec. 409(c), supra. That being so, then a person who is merely an officer of such a corporate establishment would not be liable thereunder, because said section, to be valid in law, must be interpreted to have universal application.

The fact that defendant Sam I. Koch, President of the corporate defendant herein, was not technically the "seller" of the commodities in question does not, of course, totally relieve him of responsibility, should it be shown that he personally consummated sales on behalf of the Koch Bros. Bag Co. in violation of law. However, other sections of the Act offer appropriate relief against him in this respect, provided procedural requisites are complied with.

Although defendant Sam I. Koch cannot be held liable in damages under Sec. 409(c) of the Defense Production Act of 1950, he would nevertheless be amenable to the injunctive provisions of the Act, 50 U.S.C.A. Appendix, § 2109(a), providing injunctive relief is otherwise appropriate. Be that as it may, we do not believe that an injunction can be granted herein, under the undisputed facts before the Court.

■ The price ceilings which it is charged in the complaint defendant Koch violated are no longer in effect, having been suspended on June 23, 1952, by subsequent regulation. See General Overriding Regulation 4, Revision 1, Amendment 3, Office of Price Stabilization, June 23, 1952. Yet plaintiff presently seeks to have both defendants restrained from violating such ceilings should they ever, at a later time, be reinstated. It is, however, one thing to enjoin future violations of an existing law, but quite another to enjoin violations of a law which, due to its nonexistence or suspension, cannot be violated. As stated in 43 C.J.S., Injunctions, § 19(a):

"An injunction will not issue to protect a right not *in esse* and which may never arise or to restrain an act which

does not give rise to a cause of action,
* * * ."

There are a number of cases which have held that the issuance of an injunction is improper, where the acts sought to be enjoined have at last been made lawful. Bowles, Adm'r, v. Swift & Co., D.C. Del.1944, 56 F.Supp. 679; United States v. Valenzuela, D.C.Cal.1951, 95 F.Supp. 363; United States v. Grubl, 9 Cir., 1951, 186 F.2d 470. Since, in the instant case, price controls have been indefinitely suspended on the commodities in question, with no promise of future reinstatement, and plaintiff admits, "(U)nder the current status of the Regulations, defendant is not in a position to commit further violations," Plf.Br., p. 6, we believe that to issue an injunction at this time would be an improper exercise of the court's discretion as a matter of law. Should said controls again be imposed by subsequent regulation, there will be ample opportunity, upon a showing of good cause, to obtain injunctive relief.

For all of the foregoing reasons, the separate motion of defendant Sam I. Koch to dismiss plaintiff's complaint is sustained. It is so ordered.

(2)

Defendant Koch Bros. Bag Co. has separately moved to strike the following portions of plaintiff's complaint:

(1) Paragraphs I and X, and paragraph 1 of the prayer for relief, insofar as they deal with and seek injunctive relief;

(2) All of paragraph VIII c.

We have already discussed, in ruling the defendant Sam I. Koch's separate motion to dismiss, the impropriety of injunctive relief being granted in this action. For the reasons therein stated, we believe the corporate defendant is entitled to have stricken from plaintiff's complaint paragraphs I and X and paragraph 1 of the prayer for relief, insofar as they relate to the issuance of an injunction herein.

Defendant Koch Bros. Bag Co. also requests that paragraph VIII c. be stricken. This paragraph reads as follows:

"Plaintiff is presently unable to allege fully the specific dollar amounts by which prices charged and received by . defendants exceeded applicable maximum prices but can, and will, offer proof of such amounts at the trial of this cause; but the plaintiff specifically charges that, in accordance with Schedules 'B' and 'C', hereto offered and made a part hereof, the overcharges to the date set out in said Schedules are in an amount not less than $50,880.06."

Defendant objects to the inclusion of the above-quoted language on the grounds that it is vague, prejudicial, preclusive of responsive pleading, and in possible violation of the Statute of Limitations as set forth in Sec. 409(c) of the Defense Production Act of 1950.

It is well settled that exhaustive, particularized pleading is no longer necessary under the modern Federal Rules of Civil Procedure. This is true even in actions of the kind now before us. Bowles v. Pure Oil Co., D.C.Pa.1946, 5 F.R.D. 300. A pleading which, under former standards, would have been the proper subject of a motion for a bill of particulars or more definite statement is now deemed adequate unless it is so vague that a responsive pleading could not reasonably be expected. Porter, Price Admin., v. Reynolds, D.C.N.Y. 1947, 6 F.R.D. 536; Jennings v. Fanti, D. C.Pa.1951, 11 F.R.D. 548.

Although in the instant case greater detail may be desired by defendant, such information is obtainable through the more appropriate device of discovery. Rudolph Wurlitzer Co. v. Atol, D.C.Minn.1952, 12 F.R.D. 173. Furthermore, prior to trial of the issues joined herein, a pre-trial conference will be held, at which the issues will be clarified and defined. At such conference, the plaintiff will be required to make clear the exact amount of the claim asserted and the dates of accrual.

As now phrased, we find nothing in paragraph VIII c. of plaintiff's complaint which warrants the type of relief sought in defendant's motion. If defendant is without information or knowledge to form a belief as to the truth of plaintiff's allegations, it may so state in its responsive pleading, said statement having the effect

544

of a denial. 28 U.S.C.A. Rule 8(b), Fed. Rules Civ.Proc.; Loew's, Inc., v. Makinson, D.C.Ohio, 1950, 10 F.R.D. 36.

We might further add that insofar as defendant's contention regarding the running of the limitations period is concerned, we find nothing on the face of the paragraph in question which would appear to compel its *instant application*. What effect, if any, future amendments to the complaint, or evidence adduced at pre-trial conference, or trial on the issues as joined might have in that respect does not now concern us.

In view of the foregoing considerations, and in conformity therewith, defendant Koch Bros. Bag Co.'s separate motion to strike is in part sustained and in part overruled.

It is so ordered.