**Earl MADRON, Plaintiff,**

v.

**George THOMAS, Defendant.**

**Civ. A. No. 1911.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Sept. 9, 1965.

Tom R. Grayson, Jr., Mountain City, Tenn., for plaintiff.

Wilson & Wilson, Mountain City, Tenn., Epps, Powell, Weller, Taylor & Miller, Johnson City, Tenn., Max E. Wilson, Mountain City, Tenn., of counsel, for defendant.

NEESE, District Judge.

The plaintiff commenced an action in a state court on July 29, 1965 by summons requiring the defendant to answer "to the plaintiff in damages in the sum of $50,000.00 * * * by reason of the said George Thomas [sic] alienating the affections of Gaile Madron from her husband, the said Earl Madron, and counseling the said Gaile Madron to sue her husband * * * for divorce, all * * which took place in Johnson County, Tennessee, within the past six months, * * * for which said sum he sues George Thomas. * * *" The action was then properly removed to this Court without further pleading, and the removing defendant has filed a motion seeking an order of the Court requiring the plaintiff to replead.

Repleading in civil actions removed to this Court from a state court is not necessary unless the Court so orders, and procedure after removal is governed by the Federal Rules of Civil Procedure. Rule 81(c), Federal Rules of Civil Procedure. The summons in the state court action sets forth a claim for relief which contains a short and plain statement of the plaintiff's claim showing that the plaintiff is entitled to relief and a demand for judgment for the relief to which the plaintiff deems himself entitled. This Court already has jurisdiction under the removal procedure, and the summons needs no new grounds of jurisdiction to support it. Rule 8(a), Federal Rules of Civil Procedure.

The defendant contends that the claim of the plaintiff is " * * * so formal, vague and indefinite and at variance with * * * rules of this court for a complaint * * * " that preliminary proceedings will be expedited by requiring the plaintiff to reframe his claim for relief. Cf. Rule 12(e), Federal Rules of Civil Procedure. The Court disagrees.

The claim of the plaintiff is sufficiently definite to enable the defendant to know that he is charged with (a) alienating the affections of the plaintiff's wife, and (b) with counseling her to sue the plaintiff for a divorce. He is reasonably able therefrom to respond that he did or did not do either or both of these things or to explain the charges by responsive pleading. Braden v. Callaway, D.C.Tenn. (1943), 4 F.R.D. 147; Bowles v. Karp, D.C.Ky. (1944), 3 F.R.D. 327; 1–A Barron & Holtzoff 425, § 362.

The motion of the defendants for an order requiring the plaintiff to replead, therefore, hereby is

Denied. However, to preserve to the parties inviolate their right of trial by jury as declared by the Seventh Amendment to the federal Constitution, Rule 38(a), Federal Rules of Civil Procedure, either party may demand a trial by jury of any issue herein by serving upon the other party a demand therefor in writing at any time not more than ten (10) days from the entry of this order. Rule 5(d) and (e), Federal Rules of Civil Procedure.

The defendant shall answer or present other defenses or objections available to him within five (5) days after the entry of this order. Rule 81(c), supra.